Gene STILP, Eric Epstein, Thomas Linzey, Petitioners,

v.

Barbara HAFER, Treasurer of the Commonwealth of Pennsylvania, Thomas Ridge, Governor of the Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Nov. 7, 1997.

Thomas Linzey, pro se, for petitioners.

R. Douglas Sherman, Harrisburg, for respondents.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Presently before this court for disposition, in our original jurisdiction, are two motions: (1) a motion for peremptory judgment filed by Gene Stilp, Eric Epstein, and Thomas Linzey (petitioners); and (2) a motion for summary judgment filed by Barbara Hafer, Treasurer of the Commonwealth of Pennsylvania, Thomas Ridge, Governor of the Commonwealth of Pennsylvania, and the Commonwealth of Pennsylvania (respondents).

On March 29, 1996, petitioners filed, *pro se*, a complaint in mandamus and bill of equity (complaint) requesting injunctive and

declaratory relief against respondents. The complaint alleges that Act 12 of 1988 (Act 12), known as the Low Level Radioactive Waste Disposal Act,[1] was enacted in violation of Article III, Sections 1, 2, and 4 of the Pennsylvania Constitution.[2] The complaint requests that this court: (1) declare Act 12 unconstitutionally enacted in violation of Article III, Sections 1, 2, and 4 of the Pennsylvania Constitution and to be, therefore, null, void and of no effect; (2) enjoin the respondents from enforcing any provision of Act 12 or from making any expenditure under its alleged authority; and (3) enjoin the respondents from enforcing any provision of the Low-Level Radioactive Waste Disposal Regional Facility Act,[3] or from making any expenditure under its alleged authority.

Respondents filed an answer and new matter to the complaint alleging, *inter alia*, in their new matter that this action is barred by laches. Petitioners filed a response to respondents' answer and new matter.

**1.** Act of February 9, 1988, P.L. 31, 35 P.S. §§ 7130.101—7130.905.

This Act was passed to provide the Pennsylvania Department of Environmental Protection (DEP) the authority to implement Pennsylvania's duties and responsibilities arising under the Appalachian States Low-Level Radioactive Waste Compact (Compact), Act of December 22, 1985, P.L. 539, 35 P.S. §§ 7125.1—7125.4. The Compact was enacted in accordance with the federal Low Level Radioactive Waste Policy Amendments Act of 1985, 42 U.S.C. §§ 2021b—2021d. By the terms of the Compact, the participating states, Pennsylvania and West Virginia, agreed to enter into a compact for the regional management and disposal of low-level radioactive waste. *See* Section 1 of the Compact, 35 P.S. § 7125.1. As the host state under the Compact, the Commonwealth assumed the primary obligation to cause a regional facility to be sited and developed on a timely basis. *Id.*

Pursuant to Act 12, DEP has the power and duty to develop a comprehensive program for dealing with all aspects of low-level radioactive waste disposal. Section 301 of Act 12, 35 P.S. § 7130.301. The Environmental Quality Board has the responsibility for developing regulations and procedure for locating a site in the Commonwealth for a regional disposal facility. Section 302 of Act 12, 35 P.S. §§ 7130.302.

**2.** Article III, Section 1 of the Pennsylvania Constitution provides:

No law shall be passed except by bill, and no bill shall be so altered or amended, on it passage through either House, as to change its original purpose.

On July 22, 1996, the Appalachian States Low-Level Radioactive Waste Commission (Commission) filed an application to intervene in this matter. This court denied the application for intervention and the Commission's request for reconsideration.[4]

On December 6, 1996, petitioners filed a motion for peremptory judgment pursuant to Pa.R.C.P. No. 1098.[5] Therein, petitioners allege that they are entitled to peremptory judgment because their right to relief is clear and that respondents admitted in their answer the existence of the constitutional deficiencies alleged in the compliant.

On April 24, 1997, respondents filed a motion for summary judgment. Therein, respondents allege, *inter alia*, that petitioners' action is barred by laches.

On July 16, 1997, petitioners filed with this court "Plaintiff's Brief in Support of Summary Judgment and Reply to Defen-

Article III, Section 2 of the Pennsylvania Constitution provides:

No bill shall be considered unless referred to a committee, printed for the use of the members and returned therefrom.

Article III, Section 4 of the Pennsylvania Constitution provides:

Every bill shall be considered on three different days in each House. All amendments made thereto shall be printed for the use of the members before the final vote is taken on the bill and before the final vote is taken, upon written request addressed to the presiding officer of either House by at least twenty-five percent of the members elected to that House, any bill shall be read at length in that House. No bill shall become a law, unless on its final passage the vote is taken by yeas and nays, the names of the persons voting for and against it are entered on the journal, and a majority of the members elected to each House is recorded thereon as voting in its favor.

**3.** Act of July 11, 1990, P.L. 436, 35 P.S. §§ 7131.101—7131.1101. This act permits the General Assembly to establish a low-level radioactive waste disposal regional facility siting fund.

**4.** The Commission has filed a brief amicus curiae in support of the respondents' motion for summary judgment and in opposition to petitioners' motion for peremptory judgment.

**5.** Rule 1098 provides that the court may enter judgment at any time after the filing of the complaint, if the right of the plaintiff thereto is clear.

dants' Motion for Summary Judgment". We note that this court's docket entries and the record for this case do not contain a separate motion for summary judgment filed on behalf of petitioners. Therefore, the only motions before this court for disposition are petitioners' motion for peremptory judgment[6] and respondents' motion for summary judgment.[7]

The issues presented by the two motions are: (1) whether petitioners' action is barred by laches; and (2) whether Act 12 was constitutionally enacted. Before addressing these two issues, we must first dispose of a procedural matter.

■ With respect to respondents' motion for summary judgment, respondents contend that this court should enter summary judgment against petitioners pursuant to Pa. R.C.P. No. 1035.3.[8] Respondents contend that petitioners failed to file a timely response to the motion for summary judgment; therefore, this court may enter judgment against petitioners on that basis.

Rule 1035.3(a) provides that the adverse party may not rest upon the mere allegations or denial of the pleadings but must file a response setting forth the facts in dispute within thirty (30) days after the service of the motion for summary judgment. Pa. R.C.P. No. 1035.3(a). "Summary judgment may be entered against a party who does not respond." Pa.R.C.P. No. 1035.3(d).

Rule 1035.3 permits entry of judgment for failure to respond to a motion for summary judgment but does not require it. Accordingly, we decline to enter summary judgment

against petitioners based solely on petitioners' failure to file a timely response to respondents' motion for summary judgment.

■ We now turn to the issue of whether petitioners' action is barred by laches as alleged by respondents' motion for summary judgment. Laches bars relief when the complaining party is guilty of want of due diligence in failing to promptly institute the action to the prejudice of another. *Sprague v. Casey,* 520 Pa. 38, 550 A.2d 184 (1988). In order to prevail on an assertion of laches, respondents must establish: (1) a delay arising from petitioners' failure to exercise due diligence; and (2) prejudice to the respondents resulting from the delay. *Id.* While laches is ordinarily a factual question determined by examining the circumstances of each case, if the fact of laches appears on the face of the pleading, relief may be denied on this ground. *Id.; Gabster v. Mesaros,* 422 Pa. 116, 220 A.2d 639 (1966).

Petitioners initially argue that: (1) laches cannot bar a suit that alleges that a statute has been passed in violation of the basic constitutional procedural safeguards; and (2) the defense of laches is not a proper subject for a summary judgment proceeding.

■ In response to petitioners' claim that laches cannot bar this action because petitioners are alleging that a violation of the basic constitutional procedural safeguards, respondents argue that, although laches may not apply in a case where only prospective relief is sought,[9] laches certainly ought to

---

6. In determining whether to grant a motion for peremptory judgment, the court is to be guided by standards governing the disposition of motions for summary judgment. *Wolgemuth v. Kleinfelter,* 63 Pa.Cmwlth. 395, 437 A.2d 1329 (1981). In making its decision, the court must consider both the record actually presented and the record potentially possible at the time of trial, and the judgment can be entered only in clearest of cases where there is not the slightest doubt as to the absence of an issue of material fact. *Id.*

7. Summary judgment is properly granted where pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995). Sum-

mary judgment may be entered only in those cases in which the right is clear and free from doubt. *Id.*

8. Rule 1035.3 was adopted on February 14, 1996 and became effective July 1, 1996.

9. In *Sprague,* our Supreme Court noted that:

We have not been able to discover any case which holds that laches will bar an attack upon the constitutionality of a statute as to its future operation.... To so hold would establish a dangerous precedent, the evil effect of which might reach far beyond present expectations.

*Sprague,* 520 Pa. at 47, 550 A.2d at 188–89 (quoting *Wilson v. Philadelphia School District,* 328 Pa. 225, 242, 195 A. 90, 99 (1937)).

apply where, as here, a challenge to a law is made not on substantive but on procedural grounds years after its passage.[10] We agree with respondents' position.

Petitioners are not challenging, as unconstitutional, any substantive aspect of Act 12. They are challenging the procedural processes utilized by the General Assembly when it enacted Act 12 in February of 1988. The processes utilized by the General Assembly when it considered passing Act 12 were public and the sessions of the House and Senate considering this act were published in the Legislative Journal. As such, these processes were immediately open to public scrutiny the moment the General Assembly enacted Act 12 and it was signed into law.

Accordingly, we hold that the doctrine of laches, if proven, is applicable to constitutional challenges to statutes on the basis of procedural irregularities. To permit a constitutional challenge to an enacted law on the sole basis of procedural irregularities several years after the statute's passage would result in the courts revisiting statutes which are constitutionally sound substantively and that have been relied upon by the citizenry of this Commonwealth for possibly decades.

■ Next, petitioners argue that the defense of laches is not a proper subject of a motion for summary judgment as the question of whether the doctrine is applicable is factual in nature. We point out that this court may apply the doctrine of laches if the fact of laches appears on the face of the pleading. *Gabster.* Herein, we believe that the fact of laches appears on the face of the pleadings. Moreover, we remind petitioners that they failed to timely file a response to respondents' motion for summary judgment, as required by Pa.R.C.P. No. 1035.3, setting forth: (1) one or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion; or (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced. We now address the question of whether petitioners' action is barred by laches.

■ First, respondents argue that petitioners did not act diligently in filing their complaint because: (1) Act 12 was enacted and signed into law in February of 1988; (2) one of the petitioners, Mr. Stilp, was employed at the time of the passage of Act 12 as a research analyst by the House of Representatives; and (3) the remaining petitioners, as citizens of this Commonwealth, had all the information necessary in 1988 to bring an action to challenge Act 12. Respondents argue that whether or not petitioners knew of all the relevant facts in 1988, the passage of Act 12 was a public act and the history of the procedures used to enact it were available to them.

Petitioners concede that they filed their complaint eight years after Act 12 was enacted by the General Assembly. In defense of this delay before filing their complaint, petitioners contend that they were not aware of the unconstitutionality of the process through which the legislation was passed until this court in *Common Cause of Pennsylvania v. Commonwealth,* 668 A.2d 190 (Pa.Cmwlth. 1995), *aff'd,* 544 Pa. 512, 677 A.2d 1206 (1996), struck down, as unconstitutional, the procedures used to pass an appropriations bill.

■ In determining whether certain conduct resulted in a want of due diligence, our Supreme Court has stated that the focus is not upon "what the plaintiff knows, 'but what he might have known, by the use of the means of information within his reach, with the vigilance the law requires of him.'" *Sprague,* 520 Pa. at 45, 550 A.2d at 188, (quoting *Taylor v. Coggins,* 244 Pa. 228, 231, 90 A. 633, 634 (1914)) (*quoting Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.,* 167 Pa. 136, 31 A. 484 (1895)). "What the law requires of petitioner is to discover those facts which were discoverable through the exercise of reasonable diligence." *Sprague,* 520 Pa. at 45, 550 A.2d at 188.

We find that petitioners did not exercise due diligence in waiting to bring this action over eight years after Act 12 was passed and

---

10. Since this appears to be a question of first impression, both petitioners and respondents cite case law from other jurisdictions to support their respective positions.

signed into law. The constitutional provisions which petitioners allege have been violated have remained largely unchanged since 1874.[11] Every citizen in this Commonwealth has or should have access to our constitution and the provisions contained therein. Moreover, every citizen is aware or should be aware that the laws of the Commonwealth are passed by the General Assembly which consists of the House and the Senate.

As pointed out by respondents, the processes utilized by the General Assembly in passing Act 12 were public and published in the Legislative Journal. As citizens, petitioners knew, or should have known through reasonable diligence, of the processes utilized by the General Assembly in February of 1988 without having to wait until a similar action was brought years later in 1995 challenging the processes utilized by the General Assembly in passing an appropriations bill.

Second, respondents argue that petitioners' delay in bringing this action has prejudiced the Commonwealth. The respondents contend that the Commonwealth has complied with the mandates of Act 12 and has, through DEP, promulgated regulations, entered into contracts, held public hearings, prepared reports for the General Assembly, and spent over millions of dollars.

We agree with respondents that petitioners' delay has caused prejudice to the Commonwealth. The Commonwealth's assertions of prejudice are supported by the unrefuted affidavit of William Dornsife accompanying respondents' motion for summary judgment. Therein, Mr. Dornsife, the Director of the Bureau of Radiation Protection for DEP, states that: (1) the Commonwealth has spent $8,830,199 dollars in implementing the Commonwealth's low-level radioactive waste siting program; (2) the Commonwealth has entered into a contract with an operator-licensee designate for the siting of Pennsylvania's low-level radioactive waste regional disposal facility; and (3) DEP has prepared annual reports to the General Assembly for each year since the passage of Act 12 detailing the current activities of the Compact, low-level radioactive waste generation in the Compact, financial statistics relating to all aspects of the Compact and statistics relating to volume reduction, waste minimization separation and related processing. *See* Original Record, Affidavit of William P. Dornsife in Support of Respondents' Motion for Summary Judgment.

Therefore, we find that petitioners have not acted with due diligence in bringing the present action and the delay arising therefrom has caused the respondents to suffer prejudice. Accordingly, respondents are entitled to summary judgment in their favor based on the doctrine of laches.[12]

### ORDER

NOW, this 7th day of November, 1997, it is ordered that:

1. Petitioners' motion for peremptory judgment is denied; and

2. Respondents' motion for summary judgment is granted and judgment is entered in favor of respondents and against petitioners.

FLAHERTY, J., concurs in the result only.

LEADBETTER, J., did not participate in the decision in this case.

---

11. We note that these provisions were last amended in 1967 and that Article 3 was not part of the Constitutional Convention of 1968. The 1967 amendments were minor in nature.

12. Based on our resolution of the first issue addressed herein, we need not reach the issue of whether Act 12 was constitutionally enacted.