Frank R. BOYER, Individually, & Frank R. Boyer, Executor of the Estate of Nancy H. Boyer, Appellant,

v.

Boyd WALKER and First Valley Bank, Appellees. (Two Cases).

Frank R. BOYER, Individually, & Frank R. Boyer, Executor of the Estate of Nancy H. Boyer

v.

Boyd WALKER and First Valley Bank.

Appeal of Boyd WALKER.

Superior Court of Pennsylvania.

Submitted March 3, 1998.
Filed July 1, 1998.

Gerald M. Barr, Allentown, for Frank R. Boyer.

Benjamin E. Zuckerman, West Conshohocken, for Boyd Walker.

Paul G. Nofer, Philadelphia, for First Valley Bank.

Before EAKIN, STEVENS and HOFFMAN*, JJ.

STEVENS, Judge:

This is an appeal from the orders of the Court of Common Pleas of Lehigh County granting summary judgment in favor of First Valley Bank and Boyd Walker, Esquire, and against Frank R. Boyer, individually and as executor of the estate of Nancy H. Boyer, his wife. The lower court's orders were based on the court's belief that First Valley Bank provided Mr. Boyer with proper notice regarding a sheriff's sale of real property upon which the Boyers had a lien, and that Attorney Walker was not professionally negligent with regard thereto. We affirm.

Our scope of review is plenary when reviewing the propriety of a lower court's entry of summary judgment. *Payton v. Pennsylvania Sling Company*, 710 A.2d 1221 (Pa.Super. 1998). We must review the record in the light most favorable to the adverse party and determine whether the moving party has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* Since an order favorable to the moving party will prematurely end an action, summary judgment is appropriate in only the clearest of cases. *Id.*

Viewing the record in the light most favorable to the non-moving party, we find that the relevant facts and procedural history are as follows: On April 24, 1987, Frank R. Boyer and Nancy H. Boyer loaned seventy-five thousand dollars ($75,000.00) to Oliver Orth and Judith Orth to assist them in making improvements to their real property. At-

---

* Judge Hoffman did not participate in this decision.

torney Walker represented the Boyers during this time period and sought to protect his clients' interests by preparing a mortgage for $75,000.00. The mortgage was later executed and recorded in Lehigh County on November 14, 1988. After the mortgage was recorded, the Lehigh County Recorder of Deeds mailed a copy of the mortgage to Attorney Walker, who then mailed it to the Boyers. Three prior mortgages existed on the Orths' property, two of which were held by First Valley Bank, and the Boyers were aware of the prior mortgages at the time they executed their own mortgage.

The Orths failed to make full payment on any of the mortgages, including First Valley Bank's mortgages and the Boyers' $75,000.00 mortgage. On October 4, 1990, First Valley Bank filed a complaint in mortgage foreclosure against the Orths. However, on August 30, 1991, the Orths filed a voluntary petition for bankruptcy. In April 1994, the Orths' property was discharged from bankruptcy, and First Valley Bank proceeded under its original complaint. The Boyers were aware that First Valley Bank had commenced foreclosure proceedings against the Orths' property, and, therefore, they hired Gerald M. Barr, Esquire, to represent them.

On July 22, 1994, First Valley Bank received a judgment against the Orths for eighty-eight thousand three hundred twelve dollars and twenty-seven cents ($88,312.27), obtained a writ of execution, and took the necessary steps towards a sheriff's sale. On September 9, 1994, First Valley Bank, by its attorney, Frank Correll, Esquire, mailed notice of the sheriff's sale to Attorney Walker's business address; however, First Valley Bank did not mail notice of the sheriff's sale directly to Mr. Boyer's address.[1] Notice of the sheriff's sale was advertised for three weeks prior to the sale and was posted via handbills in the Lehigh County Sheriff's Department.

On November 17, 1994, First Valley Bank assigned its mortgages to North–Val, a bank subsidiary. On November 18, 1994, a sheriff's sale was held, and North–Val purchased the property.[2] Subsequently, on March 29, 1995, the Sheriff of Lehigh County transferred the deed to the Orths' property to North–Val in consideration of one dollar ($1.00), and North–Val later sold the property to Milestones Community Health Care, Inc. for two hundred and ten thousand dollars ($210,000.00). On February 10, 1995, Mr. Boyer discovered, for the first time, that a sheriff's sale had been held and that the property had been sold. Thereafter, on June 6, 1995, Mr. Boyer filed a complaint against Attorney Walker alleging professional negligence. Specifically, Mr. Boyer alleged that Attorney Walker was negligent in failing to forward the notice of the sheriff's sale. On August 30, 1995, Attorney Walker filed a third party joinder complaint against First Valley Bank, alleging that First Valley Bank was negligent and violated statutory law in failing to mail proper notice of the sheriff's sale directly to Mr. Boyer.

In March and May of 1997, First Valley Bank and Attorney Walker filed motions for summary judgment. Following oral argument, the lower court granted the motions, thereby determining that there was no genuine issue of material fact, and that First Valley Bank and Attorney Walker were entitled to judgment as a matter of law. These appeals followed.[3]

Mr. Boyer and Attorney Walker contend that First Valley Bank violated its duty to inform Mr. Boyer of the sheriff's sale. Specifically, they contend that First Valley Bank violated a duty of notification owed to Mr. Boyer, and, therefore, First Valley Bank should be held liable for Mr. Boyer's $75,000.00 economic loss.[4]

---

1. As of the filing date of the praecipe for the writ of execution, Mrs. Boyer was deceased.

2. There is no evidence in the record indicating the purchase price.

3. Mr. Boyer filed appeals from the orders granting summary judgment as to Attorney Walker and First Valley Bank. Attorney Walker filed an appeal from the order granting summary judgment as to First Valley Bank. The appeals have been consolidated.

4. In light of our discussion *infra*, we find it unnecessary to determine whether Pa.R.C.P. 3129 creates a duty, the breach of which is actionable as a negligence claim, or whether money damages is a proper remedy.

Mr. Boyer's and Attorney Walker's argument is based on the mandates of Pennsylvania Rule of Civil Procedure 3129, which governs notification of sheriff's sales. Rule 3129 has two main parts which, when read together, prescribe to whom and in what manner notice is to be effected. Specifically, Rule 3129.1 provides, in pertinent part, the following: ·

**Rule 3129.1 SALE OF REAL PROPERTY. NOTICE. AFFIDAVIT**

(a ) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

(b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief as of the date the praecipe for the writ of execution was filed the name and address or whereabouts of

(1) the owner or reputed owner of the real property and of the defendant in the judgment; and

(2) every other person who has any record lien on that property; and

(3) every other person who has any record interest in that property which may be affected by the sale; and

(4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.

If the name and address or whereabouts of the persons in subparagraph (1) through (4) cannot be reasonably ascertained, the affidavit shall so state.

42 Pa.R.C.P. 3129.1. *See First Eastern Bank v. Campstead*, 432 Pa.Super. 241, 637 A.2d 1364 (1994). Under Pa.R.C.P. 3129.2, notice of the sale of the real property shall be given by handbills, by publication in a newspaper or legal journal, **and** by written notice to "all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1." Pa.R.C.P. 3129.2(a), (c).

Here, it is undisputed that Mr. Boyer, as a record lien holder, was entitled to notice under the Rules and, as a plaintiff who pursued a writ of execution, First Valley Bank was obligated to provide the required notice. It is further undisputed that First Valley Bank fulfilled the handbill and publication notice requirements under Pa.R.C.P. 3129.2. At issue is whether First Valley Bank fulfilled the written, personal notice requirement by mailing the notice to "Frank R. Boyer and Nancy Boyer, c/o Boyd Walker, Post Office Box 1872, Allentown, PA," which was the business address of Attorney Walker. The lower court determined that, as a matter of law, First Valley Bank set forth Mr. Boyer's whereabouts or address to the best of its knowledge or information and belief as is required by Rule 3129.1. We find no abuse of discretion.

It is undisputed that Mr. Boyer moved to Naples, Florida approximately two years before the praecipe for the writ of execution was filed, and that his former address, now used by his daughter and son-in-law, was 2179 Overhill Road, Allentown, Pennsylvania. However, it is also undisputed that First Valley Bank did not have knowledge of or any information concerning Mr. Boyer's then current private address in Naples, Florida, or of his former address, 2179 Overhill Road. Rather, the documents in First Valley Bank's possession and the result of two title searches indicated that Mr. Boyer's mailing address was "c/o Boyd Walker, P.O. Box 1872, Allentown, Pennsylvania." In fact, Mr. Walker's business address was reflected on the face of the Boyers' mortgage as the Boyers' mailing address.

The second address listed on the mortgage, and also listed on a record lien owner certificate dated August 1990, indicated that Mr. Boyer's private address was 2719 Overhill Road, Allentown, Pennsylvania. However, First Valley Bank determined that this address did not exist. Mr. Boyer and Attorney Walker admit that 2719 Overhill Road was an incorrect address and that Mr. Boyer's prior address was actually 2179 Overhill Road. However, they argue that First Valley Bank should have mailed the notice to 2719 Overhill Road, the incorrect address, and that it would have been re-routed by the United States Postal Service to 2179 Overhill Road, where Mr. Boyer's daughter and son-in-law, Mr. and Mrs. Franklin Graham, resid-

ed. We find this argument to be unpersuasive.

▮ In order for notice to be valid, it must "be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections." *First Eastern Bank*, 637 A.2d at 1366. We find that Mr. Boyer's and Attorney Walker's mailing suggestion does not meet this standard. By sending the notice to an incorrect address, and expecting the United States Postal Service to discover the correct address and re-route it accordingly, First Valley Bank would not have been acting in a manner reasonably calculated to inform Mr. Boyer of the pending sheriff's sale.[5] Moreover, it is clear that First Valley Bank was unaware of and had no information indicating that Mr. and Mrs. Graham were related to Mr. Boyer. As such, we find that First Valley Bank properly mailed the notice to "c/o Boyd Walker, Post Office Box 1872, Allentown, PA," the only correct address of which First Valley Bank had knowledge, information or belief. We further find that mailing the notice to Mr. Boyer's attorney was reasonably calculated to inform him of the pending sheriff's sale, and, therefore, in the case *sub judice,* it constituted valid notice.[6]

The final claim is that Attorney Walker was professionally negligent in failing to forward the sheriff's notice to Mr. Boyer.

▮ In a malpractice action, a plaintiff must establish three elements in order to recover:

(1) The employment of the attorney or other basis for duty;

(2) The failure of the attorney to exercise ordinary skill and knowledge; **and**

(3) That such failure was the proximate cause of damage to the plaintiff.

**5.** This Court would be setting a dangerous precedent if we were to declare that a plaintiff who pursues a writ of execution fulfills the notice requirement by intentionally mailing the notice to an address which the plaintiff knows is incorrect.

**6.** It appears from the certified record that Attorney Barr, who was representing Mr. Boyer dur-

*Bailey v. Tucker,* 533 Pa. 237, 242, 621 A.2d 108, 112 (1993) (citations and quotations omitted) (emphasis added). We find that Mr. Boyer has failed to plead sufficient facts establishing that he suffered damage as a proximate cause of Attorney Walker's alleged negligence.

▮ "When it is alleged that an attorney has breached his professional obligations to his client, an essential element of the cause of action ... is proof of actual loss." *Duke & Co. v. Anderson,* 275 Pa.Super. 65, 72–74, 418 A.2d 613, 617 (1980) (citation omitted). *See Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58 (1989); *Schenkel v. Monheit,* 266 Pa.Super. 396, 405 A.2d 493 (1979). The mere breach of a professional duty, causing only speculative harm, is insufficient for a finding of professional negligence. *Cost v. Cost,* 450 Pa.Super. 685, 677 A.2d 1250 (1996); *Duke, supra.*

> The test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages....Thus, damages are speculative only if the uncertainty concerns the *fact* of damages rather than the amount. A verdict may be based on a calculation of damages where there is a reasonable basis for calculation.

*Rizzo,* 520 Pa. at 494, 555 A.2d at 68 (quotation and citations omitted) (emphasis in original). Accordingly, in order for Mr. Boyer to prevail in this summary judgment case, he was required to plead sufficient facts indicating that he suffered identifiable damages as a result of Attorney Walker's failure to forward the notice of the sheriff's sale. This he failed to do.

▮ It is well established in Pennsylvania that a sheriff's sale of real property divests all junior liens on that property. *Unity*

ing the forfeiture proceedings, had spoken to First Valley Bank's attorney prior to the sheriff's sale and indicated that he was representing Mr. Boyer. However, it is undisputed that Attorney Barr did not provide First Valley Bank with his business address or with Mr. Boyer's then current Naples, Florida address.

*Savings Association v. American Urban Sciences Foundation, Inc.*, 337 Pa.Super. 470, 487 A.2d 356 (1984). "Once a creditor's lien on property is divested, so too is his right to execute on that property."[7] *Unity Savings Association*, 487 A.2d at 358 (citation and emphasis omitted). In this case, there were three liens, two of which were held by First Valley Bank, which had priority over Mr. Boyer's lien. Because Mr. Boyer failed to bid at the sale, North–Val's purchase of the Orths' property effectively extinguished Mr. Boyer's right to execute on the property, and North–Val obtained title free and clear of Mr. Boyer's mortgage by operation of law. *City of McKeesport v. Delmar Leasing Corporation*, 656 A.2d 180 (Pa.Cmwlth.1995).[8] As such, we agree with Mr. Boyer's assertion that he "lost all interest in the property" when it was sold at the sheriff's sale. However, we find that Mr. Boyer has failed to show how this outcome would have been different but for Attorney Walker's failure to forward the notice, and, therefore, he has failed to show that he suffered damage as a result of Attorney Walker's alleged negligence.

 Generally, where a junior lienholder has notice of a sheriff's sale, he may attempt to protect his mortgage interest by bidding on the property at the sheriff's sale and/or presenting legal or equitable arguments at a hearing as to why the mortgage should not be divested. *City of McKeesport, supra.* Mr. Boyer alleges that if he had notice, he would have appeared at the sale and would have attempted to purchase the property, inasmuch as he believed that the property was worth far in excess of the liens which First Valley Bank had prior to his lien.

To support his contention, Mr. Boyer avers that the Orths' property had a fair market value of two hundred thousand dollars ($200,-000.00), and that the prior liens only totaled eighty-nine thousand and five hundred dollars ($89,500.00). However, the certified record contains no information concerning the purchase price at the sheriff's sale, the bids made at the sheriff's sale, the amount of money Mr. Boyer was prepared to bid at the sheriff's sale, and whether other bidders were ready and able to bid.[9] Therefore, it would be inappropriate to speculate as to whether Mr. Boyer's bid would have been the highest bid, thereby permitting him to purchase the property, or whether another bidder would have bid a price sufficient to discharge the prior liens and apply to Mr. Boyer's lien. As such, we find that Mr. Boyer has failed to produce evidence of facts essential to his professional negligence claim, and, therefore, the lower court properly granted Attorney Walker's motion for summary judgment.[10]

For all of the foregoing reasons, we affirm the lower court's orders granting summary judgment in favor of First Valley Bank and Attorney Walker.

Affirmed.

---

7. The legislature has created an exception to this rule whereby the sale of real property pursuant to a writ of execution does not affect the lien of a mortgage if the mortgage is prior to the other liens on the property. 42 Pa.C.S. § 8152. *See Public Federal Savings & Loan Association v. Neumann*, 334 Pa.Super. 389, 483 A.2d 505 (1984), *appeal granted*, 508 Pa. 315, 496 A.2d 397 (1985). However, this exception is inapplicable in this case since Mr. Boyer's lien is not prior to the other liens.

8. We acknowledge that we are not bound by the Pennsylvania Commonwealth Court's opinions. However, we find the reasoning in *City of McKeesport* to be persuasive, and, therefore, we have applied it to the case *sub judice*.

9. We note that there is no allegation that the bid at the sheriff's sale was excessively low.

10. The lower court granted summary judgment on the basis that Attorney Walker did not owe a duty to Mr. Boyer. It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself. *City of McKeesport, supra.*