## Hall v. Seeley

C.P. of Lackawanna County, no. 98-CV-5121.

*Robert A. Mazzoni,* for plaintiff.
*Matthew P. Barrett,* for defendant.

MINORA, *J.,* February 1, 2000—This matter presently before the court concerns the disposition of the defendant's motion for summary judgment. At issue is whether the plaintiff's injuries sustained in an automobile accident amount to a "serious injury" and therefore allows for the recovery of noneconomic damages under the "limited tort" provision of his insurance policy. This issue was argued on December 2, 1999 and both parties have submitted their respective briefs. Accordingly, this matter is ripe for disposition.

## FACTUAL BACKGROUND

On August 16, 1997, Timothy Hall was driving on South Main Street in the Borough of Archbald when his

vehicle was allegedly struck by Manuel Seeley who allegedly failed to stop at a stop sign. At the time of the accident, the plaintiff was covered by an automobile insurance policy issued by Nationwide Insurance in which the "limited tort" option on the policy was elected.

Following the accident, the plaintiff was taken to the Mid-Valley Hospital where he was treated for his injuries and later released with a neck brace. Following the accident, the plaintiff was treated by his family physician who in turn referred him to an orthopedic specialist. This specialist continued to treat the plaintiff on numerous occasions for symptoms of upper back and neck pain. The plaintiff has also been treated by a chiropractor and was evaluated by a neurosurgeon, who has concurred with the orthopedic specialist in that the plaintiff suffers from chronic cervical strain.

The plaintiff was deposed on February 24, 1999. At the deposition, the plaintiff testified that as a result of the accident, he has been suffering various long-term problems and limitations on his lifestyle. Most notably, the plaintiff claims to suffer neck pain associated with sleeping, headaches and shoulder pain. Also, the plaintiff missed two weeks of work and experienced pain at work for one month after he returned, associated with lifting "soda boxes" and other heavy objects. Presently under consideration is the defendant's motion for summary judgment, asserting that the "limited tort" option precludes the plaintiff from recovering noneconomic damages because these injuries do not amount to a "serious injury."

## DISCUSSION

### I. Standard of Review for Summary Judgment

A party may move for summary judgment after pleadings are closed in two situations. First, when there is no

genuine issue of material fact that could be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil Co. Inc.,* 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459 (Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998) (en banc). When making this determination, the trial court must consider the evidence in a light most favorable to the nonmoving party. Pa.R.C.P. 1035.1-1035.4; *Harman on Behalf of Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment. Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse party must demonstrate by specific facts contained within their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy,* 705 A.2d 942, 944 (Pa. Commw. 1998), citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

The threshold determination of whether a serious injury has been sustained is not normally the domain of

the trial judge. However, the trial judge may grant a motion for summary judgment if reasonable minds could not differ on this issue. *Washington v. Baxter,* 553 Pa. 434, 446, 719 A.2d 733, 740 (1998).

## II. *Issue*

The plaintiff's insurance policy was of the "limited tort" variety. According to Pennsylvania statutory law: "[e]ach person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. *Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss[1] . . . .*" 75 Pa.C.S. §1705(d) (1999). (emphasis added)

The defendant's argument in support of his motion for summary judgment can be summarized as follows. The plaintiff's injuries do not amount to a "serious injury" under 75 Pa.C.S. §1705(d). Furthermore, the injuries are so apparently below this threshold that reasonable minds could not differ on this point. Accordingly, there is no genuine issue of material fact to be put before a jury. The plaintiff counter-argues that the severity of his injuries are a question of fact to be determined by a jury and therefore the defendant's motion for summary judgment should be denied.

---

1. "Noneconomic loss" is defined as "pain and suffering and other nonmonetary detriment." 75 Pa.C.S. §1702 (1999).

### III. *The Definition of "Serious Injury" Under 75 Pa.C.S. §1705(d) and its Application to the Plaintiff's Injuries*

"Serious injury" is statutorily defined as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702 (1999). Our initial inquiry shall be whether any of the plaintiff's injuries fall under any of these categories. As mentioned *supra,* the plaintiff claims to suffer neck pain associated with sleeping, headaches and shoulder pain. In addition, he missed two weeks of work and experienced pain at work for one month after he returned, associated with lifting "soda boxes" and other heavy objects. Clearly, none of these injuries amount to death or "permanent serious disfigurement." Therefore, the question before the court is whether reasonable minds would agree that these injuries amount to "serious impairment of body function."

In the recent case of *Washington v. Baxter,* the Supreme Court of Pennsylvania adopted a test for "serious impairment of body function." To satisfy this threshold, two inquiries must be made:

"(a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"[and]

"(b) Was the impairment of the body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment. . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the

impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Washington v. Baxter,* 553 Pa. 434, 447, 719 A.2d 733, 740 (1998).

This analysis will now be applied to the present facts before the court.

In answer to the first question, the plaintiff claims to suffer from pain associated with sleeping and lifting objects. The answer to the second question, (*i.e.,* was this impairment serious?), requires further examination. In *Washington v. Baxter,* the Supreme Court provides an example of injuries which, in their estimation, do not amount to a serious impairment of body function. In that case, the plaintiff/appellant was treated in an emergency room and diagnosed with injuries consisting of contusions, sprains and strains. He was discharged within a few hours and subsequently missed four or five days of work of his full-time job and four weekly shifts of his part-time job. After approximately six months following the accident, one of the plaintiff/appellant's physicians stated that there appeared to be joint arthritis in the right foot, possibly requiring him to wear orthotic foot heel lifts. He was also injected with cortisone. One year after the accident in which the plaintiff/appellant sustained his injuries, he still felt pain in his foot but was able to adequately perform his work-related duties. *Id.* at 448, 719 A.2d at 741. These injuries were found to be not serious by the Supreme Court. *Id.*

The facts of the case sub judice, when viewed in a light most favorable to the plaintiff, show that his experience is more severe than that of the plaintiff/appellant in *Washington v. Baxter.* Here, the plaintiff was taken to the hospital and treated for his injuries. He was later diagnosed with chronic cervical strain with other associ-

ated back ailments.[2] The plaintiff then underwent 12 weeks of physical therapy. The plaintiff, a relatively young man, continues to suffer from back, neck and head pain. He also claims that he had intended to wrestle on his high school team but was unable to on account of his injuries. The plaintiff also experiences pain associated with sleeping and waking. Further, he missed a week of work following the accident and when he returned, he had trouble lifting heavy objects for a month. To this day he complains of pain when lifting, but is apparently able to do so regardless.

The severity of the plaintiff's injuries, when viewed in a light most favorable to him, clearly exceed the plaintiff/appellant's injuries in *Washington v. Baxter.* However, when deciding a motion for summary judgment, any ambiguity must be decided in favor of the non-moving party. Pa.R.C.P. 1035.1-1035.4; *Harman on Behalf of Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998). In light of this, there exists a genuine issue of material fact as to the plaintiff's injuries seriously impacting on his body function under the meaning of 75 Pa.C.S. §1702. Accordingly, this court must deny the defendant's motion for summary judgment.

An appropriate order will follow.

### ORDER

And now, to wit, February 1, 2000, it is hereby ordered and decreed that the defendant's motion for summary judgment is denied.

---

2. The other ailments included discogenic-type symptoms and a reversal of the normal cervical lordosis.