## Drake v. Falbo

C.P. of Lackawanna County, no. 97-CV-1031.

*David J. Rinaldi,* for plaintiff.
*Daniel E. Cummins,* for defendant

MINORA, *J.,* September 28, 2000—Currently before the court comes the defendant seeking summary judgment against the plaintiff. Plaintiff brought suit to recover for injuries incurred after an automobile accident between the defendant, the plaintiff and a third vehicle. At issue is whether plaintiff's evidence is sufficient to overcome the serious injury threshold of the limited tort alternative necessary to deny defendant's motion for summary judgement. Both parties have submitted their respective briefs, and the matter is ripe for decision. For reasons discussed below we find that plaintiff's evidence is sufficient to establish that she incurred a serious injury as required under the Motor Vehicle Financial Responsibility Law. Accordingly, defendant's motion is denied.

## FACTUAL HISTORY

On September 13, 1995, Patricia B. Drake, plaintiff, was involved in an automobile accident with Sandy M. Falbo, defendant, on the Scranton-Carbondale Highway. While plaintiff's vehicle was stopped, she was allegedly hit from behind by defendant, and the force from the impact pushed plaintiff's vehicle into the back of a garbage truck that was stopped in front of her. Plaintiff was

transported to Marian Community Hospital and treated for lower back pain. Plaintiff allegedly continues to have lower back pain that prevents her from engaging in everyday activities and impairs some of her bodily functions as a result of the accident.

## DISCUSSION

### I. *Standard of Review*

A party may move for summary judgment after pleadings are closed in two situations. First, when there is no genuine issue of material fact that could be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil Co. Inc.,* 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459 (Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998) (en banc). When making this determination, the trial court must consider the evidence in a light most favorable to the non-moving party. Pa.R.C.P. 1035.1-1035.4; *Harman on behalf of Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment.

Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse party must demonstrate by specific facts contained within their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy,* 705 A.2d 942, 944 (Pa. Commw. 1998) citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

## II. *Defendant's Argument*

Defendant asserts that her motion for summary judgment should be granted because the plaintiff's evidence is insufficient to overcome the serious injury threshold of the limited tort alternative as laid out in the Motor Vehicle Financial Responsibility Law. Defendant argues that the resolution of the motion for summary judgment is governed by the undisputed fact that plaintiff selected the limited tort alternative and the undisputed facts surrounding her alleged injuries. If the motorist selects this option, he or she surrenders the right to sue for noneconomic damages, such as pain and suffering, which were sustained in a motor vehicle accident unless the claimant suffers a serious injury. 75 Pa.C.S. §1705.

Serious injury is defined as a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement. 75 Pa.C.S. §1702. Because no death or permanent serious disfigurement occurred in this case, plaintiff's serious injury must be analyzed as a serious impairment of body function. The serious impairment of body function threshold contains two in-

quiries. *Washington v. Baxter,* 553 Pa. 434, 447, 719 A.2d 733, 740 (1998). The first is what, if any was impaired, because of injuries sustained in a motor vehicle accident. *Id.* The second is was the impairment of the body function serious. *Id.* The focus of these inquiries is not on the injuries themselves, but how the injuries affected a particular body function. *Id.* In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment and any other relevant factors. *Id.* An impairment need not be permanent to be serious. *Id.* The trial judge must make the threshold determination of whether there has been a serious injury in all cases where the parties agree on the objective evidence relating to the nature and extent of the injuries suffered by the plaintiff. *Id.* at 738.

Both parties agree that plaintiff suffered from back pain at the time after the accident, however, defendant asserts that plaintiff did not have any injury from the accident which caused her complaints of pain radiating from the low back into her legs. Defendant contends that plaintiff's pain was related to her diabetes. Defendant argues that the medical evidence in the record regarding the existence, extent and permanency of plaintiff's alleged impairment determines that her injury did not surpass the serious injury threshold. Defendant asserts that plaintiff's admissions during her deposition reveal that her injuries do not constitute a serious impairment of any bodily function or a significant impairment of her lifestyle so as to bring her case beyond the limited tort threshold. We disagree.

### III. *Plaintiff's Argument*

Plaintiff asserts that defendant's motion for summary judgment should be denied because plaintiff's injury resulted in serious impairment of the bodily function and lifestyle, therefore, the record contains sufficient evidence to overcome the threshold requirement of the Motor Vehicle Financial Responsibility Law. Plaintiff's deposition testimony reveals that she experienced lower back pain from the time of the accident. Plaintiff still has problems with her back today. Certain everyday functions of her life were and are affected such as sleeping, sitting, walking, performing housework, driving, laying down and engaging in sexual activity.

The impairment to plaintiff's body and lifestyle, as a result of the injury incurred during the accident in question, would be considered serious under the analysis set forth in *Washington*. The impairment has lasted over five years and has restricted the activities that plaintiff is able to perform. Plaintiff has received treatment and therapy for the injuries she sustained, but the pain has persisted.

### IV. *Conclusion*

When viewing the evidence in the light most favorable to the non-moving party, as we are obligated to do, we conclude that the plaintiff's injury, as evidenced, could be deemed serious, therefore, the initial threshold requirement of the Motor Vehicle Financial Responsibility Law would be met. Accordingly, defendant's motion for summary judgment is denied.

An appropriate order consistent with this reasoning follows.

## ORDER

And now, to wit, September 28, 2000, it is hereby ordered and decreed that the defendant's motion for summary judgment is denied.