# Kremp v. Yavorek

C.P. of Lackawanna County, no. 99 CV 3759.

*Mark S. Fridkin,* for plaintiffs.
*Mark T. Perry* and *Paul J. Wylam,* for defendants.

MINORA, *J.,* May 24, 2002—

## I. INTRODUCTION

Currently before the court is the motion for partial summary judgment filed by the defendants, Amy Yavorek M.D., Gary L. Reedy M.D. and OB-GYN Consultants Ltd. The basis for their motion is that plaintiffs' cause of action alleging lack of informed consent (see paragraph 18(i) of plaintiffs' complaint filed on July 29, 1999) is not recognized by law where a vaginal birth is performed after prior birth techniques performed on the plaintiff mother were done by cesarean section (popularly known as VBAC or vaginal birth after cesarean section).

By way of background relevant to the instant motion, plaintiffs filed a complaint sounding in medical malpractice, wrongful death and a survival action over the stillborn birth of the minor plaintiff decedent, Madison Jordan, which occurred on or about February 26, 1998.

A review of plaintiffs' complaint, paragraphs 18(a) through (j) reveal that all of the allegations sound in negligence except paragraph 18(i) which states:

"(18) The negligence, carelessness and malpractice of the defendants, and each of them, jointly and/or severally, consisted of the following: . . .

"(i) failing to provide the plaintiff, Gwendolyn Kremp, with informed consent relating to a vaginal birth after cesarean section; . . . ."

After the pleading and discovery stage was closed, the defendants, Amy Yavorek M.D., Gary L. Reedy M.D. and OB-GYN Consultants Ltd. filed a motion for partial summary judgment on February 6, 2002 indicating that plaintiffs' informed consent cause of action should be dismissed with prejudice and claiming that the above

defendants' delivery techniques utilizing natural childbirth and/or vaginal birth techniques do not fall within the categories of medical procedures requiring a physician to obtain informed consent from their patient as per 40 P.S. §1301.811-A.[1] They are claiming that the plaintiffs have failed to produce evidence of facts essential to an informed consent cause of action that would require the issue to be submitted to the jury. A supportive brief was also filed on February 6, 2002.

On March 6, 2002, the plaintiffs filed an answer to defendants' motion for partial summary judgment and a supportive brief. Since the court has issued an attachment order dated February 19, 2002, and filed on February 20, 2002, setting a date certain for jury selection on July 15, 2002, and trial beginning July 24, 2002, it is imperative that we dispose of the instant motion for partial summary judgment regarding the cause of action for lack of informed consent. The record is now ripe to do so.

## II. ISSUE

Does plaintiffs' claim for lack of informed consent fail as a matter of law when the current birth procedure was conducted via vaginal birth/natural childbirth even

---

1. We note that the "old" informed consent statute set forth in 40 P.S. §1301.811-A has been repealed by the Medical Care Availability and Reduction of Error Act set forth at 40 P.S. §13101.101 et seq. The new informed consent statute is set forth at 40 P.S. §1303.504. Suffice to say it is similar to 40 P.S. §1301.811-A. However, 40 P.S. §1303.504 became effective on March 20, 2002. See section 5108(V) of 2002 Pa. Legis Service Act 2002-13 (H.S. 1802). Therefore, this case is governed by the old informed consent statute, 40 P.S. §1301.811-A and the cases interpreting 40 P.S. §1301.811-A.

though prior pregnancies involving the plaintiff mother were performed via cesarean section (VBAC)?

## III. DISCUSSION

### A. *Standard for Summary Judgment*

A party may move for summary judgment after the pleadings are closed in two situations. First, when there is no genuine issue of material fact that can be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil, Co. Inc.,* 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459 (Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998). When making this determination, the trial court must consider the evidence in a light most favorable to the non-moving party. Pa.R.C.P. 1035.1-1035.4; *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment. Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse party must

demonstrate by specific facts contained in their depositions, answer to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy,* 705 A.2d 942, 944 (Pa. Commw. 1998), citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991); *Collelli v. Spall,* 102 Lacka. Jurist 519, 522-23 (2001); *Orix Credit Alliance Inc. v. Minuteman Towing Inc.,* 103 Lacka. Jurist 65, 69 (2002).

## B. *The Doctrine of Informed Consent*

The governing statute regarding informed consent in effect at the time of this instant action is 40 P.S. §1301.811-A which states in pertinent part:

"(a) Except in emergencies, a physician owes a duty to a patient to obtain consent of the patient or the patient's authorized representative prior to conducting the following procedures:

"(1) Performing surgery, including the related administration of anesthesia.

"(2) Administering radiation or chemotherapy.

"(3) Administering a blood transfusion.

"(4) Inserting a surgical device or appliance.

"(5) Administering an experimental medication, using an experimental device or using an approved, medication or device in an experimental manner.

"(b) Consent is informed if the patient has been given a description of a procedure set forth in subsection (a) and the risks and alternatives that a reasonably prudent patient would require to make an informed decision as to the procedure and those risks and alternatives that a physician acting in accordance with accepted medical standards of medical practice would provide.

"(c) Expert testimony is required to determine whether the procedure constituted the type of procedure set forth in subsection (a) and to identify the risks of that procedure, the alternatives to that procedure and the risks of these alternatives.

"(d) A physician is liable for failure to obtain the informed consent only if the patient proves that receiving such information would have been a substantial factor in the patient's decision whether to undergo a procedure set forth in subsection (a)."

The informed consent doctrine requires physicians to provide patients with "material information necessary to determine whether to proceed with the *surgical or operative procedure* or to remain in the present condition." *Duttry v. Patterson,* 565 Pa. 130, 134, 771 A.2d 1255, 1258 (2001). (emphasis added)

Material information provided by a physician must give the patient "a true understanding of the nature of the *operation* to be performed, the seriousness of it, the organs of the body involved, the disease or incapacity sought to be cured, and the possible results." *Id.* (emphasis added) "Thus, a physician must 'advise the patient of those material facts, risks, complications and alternatives to *surgery* that a reasonable person in the patient's situation would consider significant in deciding whether to have the *operation.*' " *Id.* (emphasis added) Moreover, "[a] claim that a physician failed to obtain the patient's informed consent sounds in battery." *Id.*

In the case at hand, plaintiff's claim sounds in negligence, not battery. The crux of their claim is that the doctors failed to perform a cesarean section and went forth with a vaginal birth after prior pregnancies were

done via cesarean section. They claim that the decision to proceed with natural childbirth/vaginal birth was done without informed consent of the alleged more prudent alternative of a repeat cesarean section. (See plaintiffs' complaint paragraph 18, paragraph 2 of plaintiffs' answer to defendants' motion for summary judgment and exhibit "B" to said answer—Dr. Schwartz's expert report of November 26, 2002—plaintiffs' expert report.)

As we indicated above, authority for the doctrine of informed consent arises under a traditional battery theory. See *Duttry, supra.* It is the invasive nature of the surgical or operative procedure involving a surgical cut and the use of surgical instruments that gives rise to the need to inform the patient of risks prior to surgery. *Morgan v. MacPhail,* 550 Pa. 202, 704 A.2d 617 (1997); *Marino v. Ballestras,* 749 F.2d 162 (3d Cir. 1984). Failure to advise on surgical alternatives does not give rise to a claim for lack of informed consent. Failure to advise on those surgical techniques actually used and enumerated in 40 P.S. §1301.811-A would give rise to a lack of informed consent/battery claim.

As a matter of law, informed consent is not required before proceeding with the non-surgical procedure of natural or vaginal childbirth. It is not required that a physician give informed consent for surgical alternatives to a non-surgical procedure actually being employed. See *Sinclair by Sinclair v. Block,* 534 Pa. 563, 633 A.2d 1137 (1993); *Baird v. Goldstein,* 1998 WL 221030 (E.D. 1998); *Southard v. Temple University Hospital,* 566 Pa. 335, 342-43, 781 A.2d 101, 105-106 (2001).

Clearly, as a matter of law, plaintiffs have pled and demonstrated in discovery a prima facie case of negli-

gence. However, plaintiffs as a matter of law cannot sustain a cause of action for lack of informed consent and battery when the primary medical procedure at issue was a non-surgical vaginal or natural childbirth. The issue of whether a cesarean section should have been used is legally relevant to their negligence theory, however, not for a battery or lack of informed consent theory.

Therefore, defendants' motion for partial summary judgment will be granted as to a lack of informed consent.

An appropriate order will follow.

## ORDER

And now to wit, May 24, 2002, upon due consideration of defendants' Amy Yavorek M.D., Gary L. Reedy M.D., and OB-GYN Consultants Ltd., motion for partial summary judgment regarding plaintiffs' informed consent cause of action and the learned and able arguments and briefs of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed, that said motion for partial summary judgment is granted.

Plaintiffs' cause of action based on lack of informed consent and paragraph 18(i) of plaintiffs' complaint dealing with alleged lack of informed consent are dismissed with prejudice.