### Greentree Borough, to use, Appellant, *v.* Tortorete.

Argued April 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, JACOBS, and HOFFMAN, JJ. (MONTGOMERY and FLOOD, JJ., absent).

*Charles Kirshner*, with him *Rosenberg and Kirshner*, for appellant.

*Stephen A. Zappala*, with him *Zappala & Zappala*, for appellees.

OPINION BY JACOBS, J., June 17, 1965:

The sole issue in this appeal is whether or not the lower court abused its discretion in granting a new trial.

Plaintiff, Castelli Construction Company, Inc., sued on an oral contract under which it had agreed to supply labor and material for defendant, John Tortorete, who was awarded a contract by the Borough of Greentree to perform certain construction work. Defendant, Continental Casualty Company, was surety on Tortorete's labor and material payment bond on the Greentree contract. Under the oral contract Tortorete would receive 9½% of the total contract price and plaintiff, after payment of all labor and material, would receive the balance. After about 12 weeks of work under the contract, plaintiff was told by Tortorete to stop work. It was disputed at trial whether this termination was

due to plaintiff's slowness which jeopardized completion by the contract date, or pursuant to an oral agreement that Tortorete could take over the job completely at any time he desired.

Plaintiff sued for $9,118.56, the price of the material supplied and labor performed, plus interest. The jury awarded plaintiff $7,511.00, which included interest, against both defendants. The lower court awarded a new trial, finding error in the following instruction contained in the charge:

"If Castelli breached this contract and you believe Tortorete was justified in discharging him, Castelli would be entitled to be reasonably compensated for all the work done and materials furnished up to August 4, 1961, if you believe he was justified. That's up to you to make that finding first. If Tortorete was not justified in discharging him and he had not breached this oral contract, if the caliber of work done and the time in which it was done were satisfactory, then Castelli Construction Company is entitled to ninety and a half per cent of the total contract price $37,500.00, less the amount he must pay Tortorete for all the bills for materials paid for and furnished by Tortorete, which amounts to about $8,683.00, plus 17 per cent interest."

From the order granting a new trial, plaintiff appeals.

It is a well settled rule that we will not reverse the lower court's grant of a new trial unless there is clear abuse of discretion or error of law. *Edelson v. Ochroch,* 380 Pa. 426, and cases cited therein. We find no abuse of discretion or error of law in the lower court's grant of a new trial.

The above quoted portion of the charge of the trial judge stated flatly that if the plaintiff breached its contract it was still entitled to be compensated for work and materials furnished to the date of the breach.

Without further qualification this was an incorrect statement of law as applied to the facts of this case where suit was brought on an express contract. If the breach was a material failure of performance then the defendant would be discharged from all liability on the contract. *Schlein v. Gross,* 186 Pa. Superior Ct. 618. If, on the other hand, the plaintiff substantially performed its agreement and the breach was an immaterial failure of performance the plaintiff could recover the contract price. *Sgarlat v. Griffith,* 349 Pa. 42. The lower court did not abuse its discretion in granting a new trial on the basis of this incorrect instruction particularly when it is apparent that the jury may have considered the instruction in arriving at a verdict in an amount less than the contract price. Furthermore, the jury should have been fully instructed in regard to breach and substantial performance on the part of the plaintiff.

Order affirmed.