# Hanyon v. Roth

C.P. of Lackawanna County, no. 96-CV-3327.

*James V. Fareri,* for plaintiff.
*Kevin J. Dempsey,* for defendant Roth.
*Nathan B. Ploener* and *James F. Mundy,* for defendant Osborne.

MINORA, *J.,* March 30, 2001—Presently before the court is defendant Michael H. Roth P.C.'s motion for summary judgment. This matter arose out of an action commenced by the plaintiff to recover from the defendants damages equal to 40 percent of any future settlement or verdict recovered by defendant Osborne in a separate medical malpractice action, or in the alternative, damages equivalent to services and costs expended by the plaintiff to defendant Osborne in the malpractice action. Defendant Michael H. Roth P.C. argues that there is no evidence to support a claim that the defendant breached the agreement with the plaintiff, as well as, no claim that the defendant intentionally interfered with the contractual relationship between the plaintiff and the co-defendant. The defendant concludes that no issue of material fact exists and the defendant is entitled to judg-

ment as a matter of law. The plaintiff argues that issues as to material facts exist, and that the court should decline the defendant's motion for summary judgment. Arguments on this issue were heard before this court on February 1, 2001, and both parties have submitted their respective briefs making this matter ripe for disposition. We find that there are no genuine issues of material facts as to Count III of the plaintiff's complaint for breach of contract and that there are no genuine issues of material facts regarding Count IV of the plaintiff's complaint for tortious inference with contractual relations. Therefore, the motion for summary judgment will be granted.

## FACTUAL HISTORY

Joseph P. Hanyon, plaintiff, undertook the representation of defendant James Osborne, in a medical malpractice case. The plaintiff contacted defendant Michael H. Roth, Esquire of Michael H. Roth P.C. for help and assistance in representing defendant Osborne. The plaintiff and Roth agreed that Roth would not enter his appearance in the matter, but rather would give the plaintiff guidance as needed and requested. The plaintiff and Roth agreed to a fee splitting arrangement whereby Roth would receive 25 percent of any of the fee recovered by the plaintiff in the litigation.

In the underlying medical malpractice action, Hanyon filed two lawsuits on Osborne's behalf. Hanyon's deposition, 13. Hanyon filed the second lawsuit after discovering an additional defendant that he overlooked and neglected in his initial summons. Hanyon delivered the first writ of summons to the sheriff's office himself, and his father delivered the second writ of summons to the

sheriff's office for service. *Id.,* 18. Hanyon intended for the second writ to be served upon all three defendants, and for the first writ not to be served. *Id.,* 21. When the sheriff's office effectuated service, one defendant was served with the first writ; one defendant was served with the second writ and the third defendant was not served at all. *Id.,* 25-26. The party that was served with the first writ was eventually served with the second writ via the service of the complaint. *Id.,* 25-26. Hanyon dismissed the first lawsuit without Osborne's consent or knowledge. *Id.,* 28. The dismissal of the first lawsuit created a statute of limitations issue in the second action, which resulted in Osborne's claim being subjected to a motion for summary judgment.

In the early stages of the litigation, plaintiff admits, Roth was very attentive to the inquiries of the plaintiff. However, when a motion for summary judgment was filed by the defense on the basis of the failure to toll the statute of limitations, the plaintiff has alleged that Roth ceased any contact with the plaintiff and that Roth refused to return the plaintiff's phone calls.

On June 22, 1994, defendant Osborne filed a writ of summons, pro se, against the plaintiff. The plaintiff was terminated by defendant Osborne as his counsel in the malpractice action and Osborne engaged new counsel. In October 1999, the malpractice matter went to trial and the bifurcated issue as to whether Hanyon acted in good faith in complying with service of process requirements that would toll the statute of limitations had to be decided by a jury on the *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) issue. After a jury trial, a determination was made that Hanyon had acted in good faith when conducting service of process on behalf of Osborne.

Thereafter, the matter went to trial on the merits and the verdict in the amount of $730,500 was recovered in favor of Osborne.

The plaintiff commenced this action by filing a writ of summons on July 5, 1996. The plaintiff filed a four-count complaint on November 15, 1996, seeking to recover from the defendants damages equal to 40 percent of any future settlement or verdict recovered by defendant Osborne in the medical malpractice action, or in the alternative, damages equivalent to services and costs expended by the plaintiff to defendant Osborne in the malpractice action. Defendant Michael H. Roth P.C. filed preliminary objections to the plaintiff's complaint. This court ordered the plaintiff to file an amended complaint which he did on March 7, 1997. The defendant then filed an answer and new matter to the plaintiff's amended complaint on April 2, 1997, denying all material allegations of the plaintiff's complaint.

Counts III and IV of the plaintiff's complaint are entitled "breach of contract, against Roth P.C." and "against Roth P.C. tortious interference with a contractual relationship" respectively. The parties have engaged in discovery and depositions were taken of the plaintiff, and Michael H. Roth, Esquire and Kevin J. Dempsey, Esquire as representatives of defendant Michael H. Roth P.C. The defendant filed a motion for summary judgment on July 28, 2000.

## DISCUSSION

### I. *Standard of Review*

A party may move for summary judgment after pleadings are closed in two situations. First, when there is no

genuine issue of material fact that could be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil Co. Inc.,* 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459 (Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998) (en banc). When making this determination, the trial court must consider the evidence in a light most favorable to the non-moving party. Pa.R.C.P. 1035.1-1035.4; *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment. Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse party must demonstrate by specific facts contained within their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy,* 705 A.2d 942, 944 (Pa. Commw. 1998), citing *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

## II. *Defendant Michael Roth P.C.'s Motion for Summary Judgment*

### A. Count III—Breach of Contract

"When performance of a duty under a contract is due, any nonperformance is a breach." *Lane Enterprises Inc. v. L.B. Foster Co.,* 700 A.2d 465, 471 (Pa. Super. 1997), *reversed on other grounds,* 551 Pa. 306, 710 A.2d 54 (1998), quoting Restatement (Second) of Contracts §235(2) (1981). If the breach is an immaterial failure of performance, and the contract was substantially performed, the contract remains effective. *Id.* citing *Cimina v. Bronich,* 517 Pa. 378, 537 A.2d 1355 (1988); *Borough of Greentree to Use of Castelli Const. Co. v. Tortorete,* 205 Pa. Super. 532, 211 A.2d 76 (1965); *Schlein v. Gross,* 186 Pa. Super. 618, 142 A.2d 329 (1958).

Defendant Michael Roth P.C. argues that there is no evidence to support any claim that the defendant breached any agreement with the plaintiff. The defendant submits that it not only materially performed the contract but performed all duties under the contract such that plaintiff cannot demonstrate a non-material breach of the contract.

The defendant further submits that at no time did the plaintiff request any assistance from the defendant which the defendant failed to provide. The plaintiff testified in his deposition that he would produce any documents, which may have existed more than two years ago, to support his allegation that the defendant was contacted to provide assistance. To date, no documents have been produced by the plaintiff subsequent to his deposition to

support the plaintiff's claim that he wrote to Roth requesting his assistance, and that the requested assistance was not forthcoming.

## B. Count IV—Tortious Interference With a Contractual Relationship

"In order to successfully advance a cause of action for intentional interference with contractual relations, a plaintiff must demonstrate the following: (1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for such interference; and (4) damages resulting from the defendant's conduct." *Small v. Juniata College,* 452 Pa. Super. 410, 417, 682 A.2d 350, 354 (1996), citing *Triffin v. Janssen,* 426 Pa. Super. 57, 62-64, 626 A.2d 571, 574 (1993), *alloc. denied,* 536 Pa. 646, 639 A.2d 32 (1994). In analyzing such a claim, Pennsylvanian courts have traditionally applied section 767 of the Restatement (Second) of Torts. *Id.* Section 767 provides,

"In determining whether an actor's conduct in intentionally interfering with a contract or a prospective contractual relation of another is improper or not, consideration is given to the following factors:

"(a) the nature of the actor's conduct,

"(b) the actor's motive,

"(c) the interests of the other with which the actor's conduct interferes,

"(d) the interests sought to be advanced by the actor,

"(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,

"(f) the proximity or remoteness of the actor's conduct to the interference and

"(g) the relations between the parties." *Id.* at 418, 682 A.2d at 354.

Further, comment (b) to section 767 provides,

"The issue in each case is whether the interference is improper or not under the circumstances; whether, upon a consideration of the relative significance of the factors involved, the conduct should be permitted without liability, despite its effect of harm to another. The decision therefore depends upon a judgment and choice of values in each situation. This section states the important factors to be weighed against each other and balanced in arriving at a judgment; but it does not exhaust the list of possible factors." *Id.*

The defendant submits that the termination of the attorney-client relationship between the plaintiff and defendant Osborne has no relationship to any alleged actions and/or inactions of defendant Michael H. Roth P.C. The defendant submits that it did not interfere with the contractual relationship between the plaintiff and defendant Osborne. The defendant supports this allegation with the affidavit of defendant Osborne in which he concluded that it was in his (Osborne's) best interests to terminate his attorney-client relationship with the plaintiff. The defendant also relies on defendant Osborne's sworn statement that his decision was completely without any influence from defendant Michael H. Roth P.C. The defendant asserts that the plaintiff has failed to set forth a cause of action because plaintiff failed to introduce any evidence to support his allegation. Therefore, defendant Michael H. Roth P.C., concludes that no claim for inten-

tional interference with contractual relations has been established.

As an attorney participating in the malpractice action, Roth had a duty to Osborne as he would have toward any client. Pennsylvania Rule of Professional Conduct 1.4 provides that,

"(a) A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

"(b) A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation." Pa.R.P.C. 1.4 (2000).

### III. *Plaintiff's Position in Opposition*

The plaintiff argues that the court should decline to enter summary judgment because there are material facts at issue, specifically, that the plaintiff states in his affidavit, that was made in opposition to the motion for summary judgment, that defendant Osborne was advised by Roth to sue the plaintiff, and this statement has been denied by both Roth and Dempsey. Also, the plaintiff maintains that Roth's refusal to render his promise of advice and counsel, after a motion for summary judgment was filed in defendant Osborne's malpractice case, is in violation of the agreement of Roth and the plaintiff, and that Roth denies any violation.

The plaintiff submits that Roth's refusal to consult with the plaintiff or accept his phone calls for the purpose of rendering advice and assistance to the plaintiff in the malpractice action constitutes breach of the agreement between the two attorneys.

With regard to Count IV of the amended complaint, for tortious interference with the contractual relationship, the plaintiff submits that if he could show that Roth advised defendant Osborne to sue the plaintiff, then such an act would constitute tortious interference with the contractual relationship between the plaintiff and defendant Osborne.

The plaintiff attempts to satisfy the elements necessary for a cause of action for tortious interference with a contractual relationship. The plaintiff submits that the first element is met because there is no dispute that a contractual relationship existed between the plaintiff and defendant Osborne as his client. The plaintiff asserts that he can fulfill the second requirement if he can prove that the defendant advised defendant Osborne to sue the plaintiff, and actually assisted Osborne in preparing a writ of summons to be used to sue the plaintiff for malpractice. To support this element, the plaintiff relies on the deposition of Kevin J. Dempsey, Esquire. Dempsey admitted to preparing the writ of summons for defendant Osborne to use to sue the plaintiff. Dempsey's deposition, 14. For the third element, the plaintiff submits that Roth's actions were improper. The plaintiff submits that he (Roth) had met with the plaintiff's client, Osborne, and that the client allegedly had complained about the way the case was being handled. As to the fourth element, the plaintiff submits that he suffered actual harm as a result of interference because defendant Osborne was lost as plaintiff's client, and the plaintiff was precluded from receiving any fee under his agreement with defendant Osborne.

## *IV. Conclusion*

No issues of material fact exist as to whether or not defendant Michael H. Roth P.C., intentionally interfered with the contract between the plaintiff and defendant Osborne. The record does not indicate any intent to interfere on the part of defendant Michael H. Roth P.C., but it is clear that defendant Osborne, as the client, exercised his own independent judgment to fire the plaintiff and retain new counsel in the underlying malpractice case. This was due to defendant Osborne's perception that the plaintiff mishandled the duplicative writs of summons and mistakenly discontinued the first writ of summons without consulting defendant Osborne whatsoever nor confirming proper service of process. The written record of the court and sheriff is clear. Additional discovery would not reveal any genuine issues of material fact. Therefore, no genuine issue of material fact exists regarding Count IV of the plaintiff's complaint for tortious inference with contractual relations.

Assuming arguendo, as the law requires us to do, and accepting the facts in the light most favorable to Hanyon, that there existed an oral contract between Hanyon and Roth for Roth's assistance in the underlying medical malpractice action that relationship would be dependent upon a continuing attorney-client relationship between the plaintiff Hanyon and defendant Osborne. When the underlying client Osborne terminated his attorney-client relationship unilaterally with Hanyon (a fact which is not materially in dispute), Roth's contractual duties to Hanyon also terminated.

It is beyond cavil that a client has the absolute right to terminate an attorney-client relationship. *Kenis v. Perini Corp.,* 452 Pa. Super. 634, 682 A.2d 845 (1996).

When Osborne terminated Hanyon as his attorney, any derivative duty Roth had to Hanyon to provide assistance in prosecuting Osborne's claim would also terminate, and be rendered moot. Therefore, any cause of action that Hanyon may have had against Roth for breach of contract is not only derivatively terminated but rendered moot as well by the actions of defendant Osborne in terminating his underlying attorney-client relationship with plaintiff Hanyon.

Accordingly, defendant Roth's motion for summary judgment as to Count III (breach of contract) must be granted as well.

An appropriate order follows.

## ORDER

And now, to wit, March 30, 2001, it is hereby ordered and decreed that the defendant Michael H. Roth P.C.'s motion for summary judgment is granted as to Count III (breach of contract) of plaintiff's complaint and as to Count IV (tortious interference of contractual relations) of plaintiff's complaint.

Counts III and IV of plaintiff's complaint are dismissed with prejudice.