**M & T MORTGAGE CORPORATION,**
s/b/m to Franklin First Savings

v.

**Bethann L. KEESLER, f/k/a**
**Bethann Gudd.**

**Appeal of Andrew Fortuin.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 2003.
Filed May 6, 2003.
Reargument Denied July 14, 2003.

---

Lawrence A. Durkin, Scranton, for appellant.

Sherry A. Dalessandro, Wilkes-Barre, for Keesler, appellee.

Michael M. Bradford, Philadelphia, for M&T, appellee.

Arthur B. Siegel, Milford, for Tashlik, participating parties.

Before: KLEIN, BENDER and CAVANAUGH, JJ.

BENDER, J.

¶ 1 Andrew Fortuin (Appellant) appeals from an order of the Court of Common Pleas of Pike County that denied his petition to set aside a sheriff's sale. Appellant raises an issue concerning the notice to him as an interested party. For the reasons that follow, we affirm.

¶ 2 The real property at issue, which was the subject of a mortgage foreclosure action instituted by the mortgagee, M & T Mortgage Corporation (M & T), on October 11, 2001, was owned by Bethann L. Keesler f/k/a Bethann Gudd (Keesler). Judgment was entered against Ms. Keesler on November 28, 2001. In the interim, Ms. Keesler and Appellant, who had previously been in a relationship, entered into an agreement providing for Appellant to purchase the property from Ms. Keesler. This agreement settled an equity action Appellant had filed against Ms. Keesler.

¶ 3 At M & T's request, the Pike County sheriff scheduled a sheriff's sale for January 23, 2002. M & T filed an amended affidavit[1] on January 4, 2002, pursuant to Pa.R.C.P. 3129.1,[2] which indicated that it had mailed notice of the sheriff's sale to various individuals including Appellant. The amended affidavit listed Appellant's address as P.O. Box 1062, Dingmans Ferry, Pennsylvania. The amended affidavit also indicated that notice was sent to Appellant's attorney, Lawrence A. Durkin, Esq. Mr. Durkin responded by telephone to M & T's attorney and followed up with a letter, copied to Appellant, which memorialized the parties' agreement. As a result, the sheriff's sale was postponed to February 13, 2002. Mr. Durkin's letter also stated that Appellant had received approv-

---

1. An original affidavit, filed on November 28, 2001, did not contain Appellant's name and address.

2. Pa.R.C.P. 3129.1 states in pertinent part:

   **Rule 3129.1. Sale of Real Property. Notice. Affidavit**

   (a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

   (b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief as of the date the praecipe for the writ of execution was filed the name and address or whereabouts of

   . . .

   (3) every other person who has any record interest in that property which may be affected by the sale; and

   (4) every other person who has any interest in the property not of record which may be affected by the sale and of which the plaintiff has knowledge.

al for financing to purchase the property and would, therefore, not seek any further delay of the sheriff's sale.

¶ 4 Nothing further occurred and the sheriff's sale was held on February 13, 2002. Although Appellant attended the sheriff's sale and participated in the bidding, Taslik Realty purchased the property instead of Appellant. As a result, Appellant filed the petition to set aside the sale at issue in this appeal. On May 28, 2002, a hearing was held and Appellant testified on his own behalf. Based on the testimony and briefs filed by the parties, the court enter an order denying Appellant's petition. Specifically, the court found that:

> [Appellant] admitted that he not only attended the Sheriff's Sale, but also participated in the bidding process. His own testimony also established that his attorney requested the sale be postponed to the date it was actually held. A letter evidencing this request was entered into evidence. [Appellant] admitted to having read that letter. When asked by opposing counsel "So that also puts you on notice that the sale was scheduled for February 13, does it not?" [Appellant] answered "Apparently, [y]es."

Trial Court Opinion, 8/23/02, at 1–2.

¶ 5 Appellant now appeals to this Court, raising one issue for our review:

> Did the Lower Court abuse its discretion when it determined that the Mortgagee complied with the notice requirements of Pennsylvania Rule of Civil Procedure 3129.2 despite the undisputed fact that the Petitioner, Andrew Fortuin[,] did not receive his mail at the address used by the Mortgagee at the relevant time of service of Notice of the Sheriff Sale?

Appellant's Brief at 7.

¶ 6 Initially, we set forth the applicable standard of review:

> A petition to set aside a sheriff's sale invokes the equitable powers of a trial court. The burden of proof rests upon the proponent of the petition to show by clear and convincing evidence that the circumstances warrant relief. The trial court's ultimate disposition of the matter will not be disturbed upon review absent a finding of an abuse of discretion.

*Jefferson Bank v. Newton Assocs.*, 454 Pa.Super. 654, 686 A.2d 834, 838 (1996).

¶ 7 Appellant argues that the trial court abused its discretion by determining that M & T complied with Pa.R.C.P. 3129.2 "despite the undisputed fact that [Appellant] did not receive his mail at the address used by [M & T] at the relevant time of service of Notice of the Sheriff Sale." Appellant's Brief at 12. Appellant also contends that equity dictates that the sale should be set aside because he and Keesler had negotiated the sale of the property to him and that the closing would have taken place two days after the sheriff's sale.

¶ 8 In response, M & T claims that it gave notice to the best of its ability as required by Rule 3129.1(b). It explained that a title report obtained at the time of the foreclosure action revealed Appellant's equity action against Keesler. The complaint in the equity action provided P.O. Box 1062, Dingmans Ferry, Pennsylvania, as Appellant's address and also indicated that Mr. Durkin was Appellant's attorney of record. In fact, Appellant acknowledged that that was his address at the time the equity complaint was filed. As further proof of notice, M & T also relies on the telephone and letter response received from Mr. Durkin after the amended affidavit was mailed.

¶ 9 Pa.R.C.P. 3129.2 states in pertinent part that written notice "shall be served ... on all persons whose names

and addresses are set forth in the affidavit required by Rule 3129.1." It further indicates that the service shall be "by ordinary mail at the address set forth in the affidavit" and that "[s]ervice shall be complete upon mailing." Rule 3129.2(c)(1)(iii). "In order for notice to be valid, it must 'be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections." ' *Boyer v. Walker*, 714 A.2d 458, 462 (Pa.Super.1998) (quoting *First Eastern Bank, N.A. v. Campstead, Inc.*, 432 Pa.Super. 241, 637 A.2d 1364, 1366 (1994)).

¶ 10 It is clear that M & T only had Appellant's address as asserted in his equity complaint and was unaware of his newer address. However, M & T did possess a correct address for Mr. Durkin and notice to him did in fact reach Appellant, thus providing Appellant with the opportunity to attend and participate in the sheriff's sale. In *Boyer*, this Court held that notice to the appellant's attorney was "reasonably calculated to inform [the appellant] of the pending sheriff's sale, and, therefore, ... constituted valid notice." *Id.* at 462. We likewise find that the mailing of the notice to Mr. Durkin constituted valid notice to Appellant that the February 13th sheriff's sale would take place. Accordingly, we conclude that the trial court did not abuse its discretion by finding that M & T complied with the applicable notice provisions.

¶ 11 Order affirmed.