J-A32004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOC., AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-ARI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAT CARNEY | |
| Appellant | No. 125 EDA 2014 |

Appeal from the Order December 13, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): No. 10-5124

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.                **FILED MARCH 19, 2015**

Pat Carney appeals *pro se* from the order denying his Petition to Set Aside the Sheriff Sale of his foreclosed property.  We affirm.

Appellee, HSBC Bank USA, filed a complaint in mortgage foreclosure on April 27, 2010.  Carney does not deny that he is the borrower of the refinancing funds underlying the mortgage.  On July 2, 2010, the trial court entered default judgment against Carney due to his failure to file an answer to the complaint.  On October 17, 2012, over two years following entry of default judgment and three months after the sheriff sale of the subject

_____

[*] Former Justice specially assigned to the Superior Court.

property, Carney filed a Motion to Open/Strike Judgment. On March 7, 2013, Carney filed a Motion to Dismiss Complaint Due to Lack of Jurisdiction and to Void Sale. The trial court denied Carney's motions on April 12, 2013.

On September 30, 2013, Carney filed a Petition to Set Aside Sale Based on Fraud and Lack of Authority, which is the subject of the instant appeal. The trial court conducted an evidentiary hearing. Thereafter, the trial court found, *inter alia*, that Carney's Petition to Set Aside Sheriff's Sale was filed nine months *after* the Sheriff's conveyance of the deed to HSBC Bank USA, such that any alleged defects or irregularities in the proceedings were foreclosed pursuant to Pa.R.C.P. 3132. The trial court additionally determined that Carney's allegations of fraud and lack of authority were unsupported by any evidence of record and that Carney largely sought to relitigate claims previously deemed waived or otherwise disposed of by the court when it dismissed his Motion to Dismiss Complaint and Motion to Open/Strike Judgment. Accordingly, the trial court dismissed Carney's petition.

In this timely *pro se* appeal, Carney argues that the trial court erred in denying his petition to set aside sheriff's sale on the grounds of fraud and lack of authority. Having determined that the Honorable Charles B. Burr, II's March 4, 2014 opinion ably and comprehensively disposes of Carney's issues on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2015

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

HSBC BANK USA, NATIONAL : NO. 10-05124
ASSOC. AS TRUSTEE FOR THE : Petition to Set Aside Sheriff Sale
HOLDERS OF THE CERTIFICATES :
ISSUED BY DEUTSCHE ALT-A :
SECURITIES MORTGAGE LOAN :
TRUST SERIES 2007-ARI :
                                    :
          V. :
                                    :
PATRICK CARNEY :

MICHAEL D, LiPUMA, ESQUIRE, Attorney for the Plaintiff.
*Pro Se*, Patrick Carney, for the Defendant.

## OPINION

BURR, S.J.                                             FILED: March 4, 2014

The Defendant, Patrick Carney, has appealed from this Court's denial of his Petition to Set Aside the Sheriff Sale of his foreclosed property to the Plaintiff, HSBC Bank, USA, alleging grounds of fraud and Plaintiff's lack of authority to make the sale. The Defendant does not deny that he is the borrower of the refinancing funds underlying the mortgage securing the subject Note, but asserted that the actual lender was not properly before the Court and that the Plaintiff had not established that it was a real party in interest with the authority to collect from him the balance due and owing on this obligation by selling the foreclosed upon property.

The Plaintiff filed its Complaint in Mortgage Foreclosure on April 27, 2010. A default judgment was entered against the Defendant on July 2, 2010 due to his failure to file an Answer to the Complaint. The Defendant, on October 17, 2012, or over two years following entry of the default judgment and three months after the Sheriff Sale of his property situate at 308 White Avenue, Linwood, PA, Delaware County, PA Recorder of Deeds Folio #08-00-

01217-00, to the Plaintiff on July 20, 2012,[1] filed a Motion to Open/Strike Judgment and, on March 7, 2013, filed a Motion to Dismiss the Complaint and his first plea to Void the Sheriff Sale three months after conveyance of the Deed to the Plaintiff. These latter two Motions were denied on their merits by an Order issued on April 11, 2013 by the Honorable G. Michael Green of this Court, with the Defendant subsequently withdrawing appeals therefrom to the Pennsylvania Superior Court on May 31, 2013. The instant Petition, fully titled as a "Petition to Set Aside Sale Based on Fraud and Lack of Authority", was filed on September 30, 2013.

The Defendant insisted at the Hearing held on this Petition on November 25, 2013 that he did not answer the Plaintiff's Complaint because he is a *"pro se"* litigant who could not afford an attorney and that he did not know that he was required to file a response to the Complaint. (N.T. 11-13). Defendant further claimed that he believed that his interactions with the law firm representing the Plaintiff, including the submission of a request to stay the Sheriff Sale based upon the grounds raised in this Petition, would be a suitable alternative to actually resolving the within matters in a court of law. (N.T. 8-11). The Defendant readily admits to waiving all of his defenses and claims in New Matter responsive to the allegations of the Complaint by failing to file Preliminary Objections or an Answer thereto contending fraud and the lack of authority to conduct a Sheriff Sale, as well as unilaterally and voluntarily bypassing and/or waiving all of the procedural requisites to which he had been subject, including the failure to pursue his appeals from substantive rulings against him on the foregoing issues. Nonetheless, Defendant believes and avers that he may, at any time, attack "fraud" on the part of the Plaintiff because, in his opinion, "if there is fraud here", it must be contested in court. (N.T. 12).

---

[1] The Deed for the Defendant's property was conveyed, on December 5, 2012, by the Sheriff to the Plaintiff and recorded on January 24, 2013, in the Delaware County Office of the Recorder of Deeds in Book 5231, page 221. (Exhibit D to the Plaintiff's Response to the Defendant's Petition to Set Aside Sale Based on Fraud and Lack of Authority to Make Sale).

2

The Defendant vehemently insisted in that regard that, in his view, because the law provides no exception whatsoever to the necessity to adjudicate allegations of fraud, he must be allowed to raise and to litigate the issue whenever he chooses to do so. (*Id., passim*). Throughout the Hearing on this Petition, the Court reminded the Defendant that, although Defendant has represented himself *pro se*, he was required to learn and to follow the rules of court and to understand his legal status *vis a vis* the failure to pursue an appeal from Judge Green's decision against him on the merits of the within issues, as well as to possess knowledge of the relevant and applicable law as a litigant before the court.[2] (N.T. 11-13, 18, 47-50, 54-55). Nowhere was Defendant's lack of preparation and readiness to support his allegations before this Court more obvious than when he insisted that Judge Green's rulings against him on the merits of the issues submitted in his prior Petitions seeking to Open the Plaintiff's Judgment in Foreclosure, to Dismiss the Complaint and Void the Sheriff Sale concerned the merits of only his UCC contentions because "the UCC" had been the primary subject of discussion at the hearing held by Judge Green. (N.T. 32, 46-47, 58).

It, therefore, goes without saying that the unappealed from UCC contentions peppering the Defendant's current Concise Statement of Errors Complained of on Appeal have been previously litigated and decided against him, and thus waived. Stoeckinger v. Presidential Financial Corporation of Delaware Valley, 948 A.2d 828, 832, 208 Pa. Super. 95 (2008). Moreover, the Defendant haplessly claimed the excuse of not knowing he was "requested" to do

---

[2] In an opinion filed in the case of Polinsky v. Nationwide Mut. Ins. Co., 77 Pa. D. & C.4th 95, 106-107 (Armstrong County, 2005), the Honorable Kenneth G. Valesek wrote the following admonition to chide the unrepresented Plaintiffs for their numerous lapses in prosecuting their claim against the defendant in that case:

> "[T]he court must caution plaintiffs that[,] even though they are not represented by legal counsel, they are not entitled to a more lenient application of the Rules of Court simply because they chose to proceed *pro se*. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Jones v. Rudenstein, 401 Pa. Super. 400, 404, 585 A.2d 520, 522 (1991)(quoting Farretta v. California, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2540 n.46 (1975)." *Id.* (footnote omitted).

so when explaining his failure to file a Memorandum of Law setting forth citation and discussion of relevant and appropriate legal authorities in support of the instant Petition. (N.T. 54-55).

The Court denied the Defendant's Petition to Set Aside [Sheriff] Sale Based on Fraud and Lack of Authority and this appeal followed. The Defendant has submitted the following Concise Statement of Errors Complained of on Appeal:

"...[1.] The very foundation of the Plaintiff's [C]omplaint is based on a lie, a purposeful deceit that began at the fraudulent closing held on November 10, 2006. Defendant was fraudulently induced into signing an invalid contract. The purported lender stated in the Mortgage is identified as AMERICAN BROKERS CONDUIT (ABC). It further states that the lender is a corporation organized and existing under the laws of [the] State of New York. This was an intentional perversion of the truth! There is no corporate entity known as "ABC". The Defendant has spent numerous hours searching the public records and has found no such corporate entity; quite simply, ABC did not exist as a corporate person. ABC was completely fictitious. A non-entity lacking legal capacity to enter into any legally binding contracts. [Sic]. Not only does ABC not exist in New York, it also does not exist as a corporate entity in Pennsylvania either. Furthermore, there is no entity by the name of ABC that is licensed as a lender to fund loans, neither by the [Pennsylvania] Banking Commission, nor in New York or in any other state in these United States of America. Defendant has provided this [C]ourt with its documentation, which stand as genuine issues of material fact and provide ample evidence that there is no legally binding contract that Plaintiff can establish standing before this [C]ourt. Additionally, Defendant has also provided the [C]ourt with the actual funding records from the invalid closing that prove a completely foreign entity actually provided the source of funds. This foreign entity is completely undisclosed in any of the documentation presented at closing and represents a clear violation of Regulation Z – the Truth in Lending Act and the Real Estate Settlement and Procedures Act which prohibit third party table funding. In summarizing this particular error of the [C]ourt, we have a non-existent pretend lender, who has no legal capacity to act as a lender or legally enter into any contract whatsoever. In fact, ABC was not the lender, as it did not provide any funding whatsoever. Therefore, the very contract that the Plaintiff's case is based [upon] can be termed as legally invalid as the purported lender lacked legal capacity and provided no consideration, thus it fails at its origination and the chain of title emanating from this void contract is corrupted at its inception. Since the mortgage and note are invalid, the [C]ourt lacks the jurisdiction to adjudicate the case.

[2.] The [C]ourt also lacks jurisdiction because Plaintiff has failed to provide an evidence that it suffered any loss whatsoever. It has also failed to provide valid evidence that it is a real party in interest, as it has not provided evidence that it is a valid holder-in-due-course of a valid note, in accordance with UCC rules as outlined in Defendant's pleadings. The Plaintiff has not presented the original note as required by UCC rules and requested by Defendant. The [C]ourt has not enforced that requirement and it represents an error that must be corrected. The burden of proof is always on the Plaintiff and it has failed to produce the original note. Further, the Plaintiff attempted to

4

transfer an invalid mortgage into the Trust in 2010, when it had already closed three years earlier in a clear violation of trust law. This was an attempted fraud designed to deceive the [C]ourt, the [S]heriff and the Defendant. The Plaintiff fraudulently submitted to the Sheriff['s] [D]epartment a forged and fake Assignment of Mortgage that also clearly had the presence of notary fraud. This was the document that the Plaintiff held out as 'the' evidence that it was the owner of both the mortgage and the note. A cursory review of the signature indicates that the fraud is self-evident. The signature is an admitted forgery. A senior partner in the law firm representing the Plaintiff admitted in writing, that it was a forged document. This evidence was submitted to the [C]ourt and it was erroneously ignored. The [C]ourt could also compare the signatures on the first and second assignment of mortgage submitted by the Plaintiff; these two signatures are supposed to be executed by the same person and they clearly are not, representing a clear fraudulent intent.

[3.] The second and third Assignments of Mortgage were also fraudulently recorded as they were not executed by parties with authorization. In fact, the recording of a second Assignment was filed *after* the default judgment was already entered. This means that the Prothonotary acted without authority when it recorded the judgment based on the face of the public record at that time; meaning that the Plaintiff did not have possession or ownership of the mortgage or the note at the time the judgment was entered as no assignment was of record, rendering the judgment void and an error that must be corrected by the [C]ourt.

[4.] The verification filed with the Plaintiff's [C]omplaint is defective and it is executed by a known robo-signer who is not a party to this case in violation of Pennsylvania statute [sic]. Since the verification is defective, the [C]omplaint is also defective as it is merely an unverified and unsubstantiated allegation. These defects represent errors missed or otherwise overlooked by the [C]ourt and must be corrected.

[5.] Plaintiff also violated [Pennsylvania] recording statutes where all assignments must be recorded in the [Delaware] [C]ounty [R]ecorder of [D]eeds [O]ffice. In order for this Plaintiff to have valid, legal standing, it is required to record all assignments of the mortgage in question. The Plaintiff is a Trustee to a securitized Trust. In order for this Trust to have legal ownership of the mortgage, in accordance with its own founding trust document, mortgages are required to travel through a series of intermediaries. Specifically, there must be at least three separate assignments, from the Originator, to the Sponsor, to the Depositor, to the Trust. Each of these assignments must be transferred in succession in order for the trust to validly own the Note. Each of those assignments [is] required by [Pennsylvania] recording statutes to be recorded. None of these required recordings [is] on the public record, which is in a [sic] clear violation of [Pennsylvania] law. This represents an error of the [C]ourt that must be corrected.

[6.] Plaintiff's counsel ignored Defendant's pleadings to postpone the [S]heriff sale. Due to the seriousness of the Defendant's charges, Plaintiff's counsel [breached] its code of ethics as it had an ethical obligation as officers of the court to postpone the [S]heriff sale and allow the [C]ourt adequate time to hold a hearing to adjudicate the charges. Instead, Plaintiff and its counsel plowed ahead to the sale in order to quickly steal Defendant['s] property prior to any court hearing, representing an unjust

5

enrichment. Plaintiff also failed to provide adequate notice of the sale as required by [Pennsylvania] statute; these oversights represent an error that is correctable by the [C]ourt.

[7.] Wherefore[,] having presented genuine issues of material fact that the Plaintiff not only committed numerous violations of the Pennsylvania Rules of Civil Procedure, it also committed fraud by drafting, executing, submitting and filing forged and defective documents. The Plaintiff has not presented any credible evidence that it is the one and only person with the right to enforce the Note in accordance with the UCC. The Defendant[,] therefore[,] respectfully requests that the sale of 308 White Avenue, Linwood, Pa[.] 19061 be set aside and title to the property returned to [Defendant]. Further, the Defendant requests that the [C]ourt will impose other such terms and conditions of relief as it may deem appropriate such as dismissing the [C]omplaint." (Defendant's Concise Statement of Errors Complained of on Appeal, pps. 2-5).(Emphasis in original).

The Defendant's issues on appeal are discussed under the appropriate heading below.

## The Defendant's Claims are Either Waived and/or are Non-Cognizable

The decision to set aside a Sheriff's Sale is within the sound discretion of the trial Court whose decision should not be reversed unless there is a clear abuse of discretion. Merrill Lynch Mortgage Capital v. Steele, 859 A.2d 788 (Pa. Super., 2004), *app. den.*, 582 Pa. 718, 872 A.2d 1199 (2005). The burden of proof in a Petition to Set Aside a Sheriff's Sale rests upon the proponent of the Petition to show, by clear and convincing evidence, that settling aside the sale is warranted. M & T Mortgage Corporation v. Keesler, 826 A.2d 877 (Pa. Super. 2003), *app. den.*, 579 Pa. 693; 856 A.2d 835 (2004)

In the instant case, the record establishes that the Defendant never responded to Plaintiff's Complaint in Mortgage Foreclosure contending default in repayment of the subject Note, and that the resulting default judgment in the Plaintiff's favor foreclosed Defendant's pursuit of any and all defenses that could have been raised in opposition to the Plaintiff's attempt to collect the balance Defendant admittedly owes. The Defendant, at no time, sought

6

postponement of the Sheriff Sale of the foreclosed upon property on any ground, including failure to assure proper notice of the intent for the sale to take place.[3] The Defendant, on October 17, 2012, or over two years following entry of the default judgment and three months after the Sheriff Sale of his property situate at 308 White Avenue, Linwood, PA, Delaware County, PA Recorder of Deeds Folio #08-00-01217-00, to the Plaintiff on July 20, 2012, first sought to wage his defenses to the Complaint and the within claims of defects in the record in a Motion to Open/Strike Judgment in Foreclosure.

It was not until March 7, 2013, that the Defendant filed a Motion to Dismiss the Complaint and to Void the Sheriff Sale, also alleging the contentions presented instantly here below. Again, both of the foregoing Motions were denied by the Honorable G. Michael Green of this Court and appeals therefrom were withdrawn by the Defendant on May 31, 2013, thus leaving Judge Green's rulings unchallenged. The Defendant has presented neither any allegation, nor ground for overturning the rulings of a prior court against him whatsoever, and this Court will neither revisit, nor overrule, Judge Green's holdings against the Defendant. There has been no mention, nor showing from the Defendant, as to why it would have been appropriate for this Court to impinge upon Judge Green's prior jurisdiction over this litigation. The coordinate jurisdiction rule holds that, upon transfer of a matter between trial judges of the same Bench, the transferee jurist may not alter the former judge's resolution of a legal issue, or overrule his or her decisions. Zane v. Friends Hospital, 575 Pa. 236, 243, 836 A.2d 25, 29 (2003) citing to Commonwealth v. Starr, 541 Pa. 564, 664 A.2d 1326, 1331 (1995). The exceptions to

---

[3] In Paragraph 6 of his Concise Statement, Defendant submitted, for the first time, a boilerplate contention that the Plaintiff had failed to give proper notice of the Sheriff Sale. (*Id.*). Nevertheless, the giving of notice thereof are the joint duty and responsibility of the Plaintiff and the Sheriff, and, in the absence of any allegations of fact and supporting legal authority for the averment, this issue must be deemed waived. Pennsylvania Rule of Civil Procedure 3129.1 and 3129.2; Delaware County, PA, Local Rule of Civil Procedure *3129(b); Frank v. Peckich, 257 Pa. Super. 561, 391 A.2d 624 1978)(boilerplate language setting forth an issue is disapproved; court must know what it is being asked to decide). Moreover, issues not raised before the lower court are waived and cannot be raised for the first time on appeal. Pennsylvania Rule of Appellate Procedure 302(a).

7

the doctrine are stringent and few. A court may revisit its own decisions or those handed down in a coordinate jurisdiction only in "exceptional circumstances where (1) new evidence is available, or (2) a supervening new law has been announced." Zane v. Friends Hospital, *supra*, 836 A.2d at 29. The "exceptional circumstance exception applies not where a court disagrees with a prior ruling, but where it is undisputable that the prior holding was clearly erroneous and would create a manifest injustice if followed." *Id*.

Pursuant to Pennsylvania Rule of Civil Procedure 3132, a Petition to Set Aside a Sheriff's Sale may be granted only when the Petition is filed *before* the Sheriff's delivery of the deed, after which all defects or irregularities in the proceedings are foreclosed as grounds for attacking the sale, save for allegations of absence of authority and commission of fraud by the Sheriff in the selling of the property. First Union National Bank v. Estate of Shevlin, 897 A.2d 1241, 1246 (Pa. Super, 2006). The Deed to the Defendant's property was delivered by the Sheriff to the Plaintiff on December 5, 2012, and Defendant's Motions to Dismiss the Complaint and to Void the Sale were not filed until March 7, 2013, or three months later, and this additional "Petition to Set Aside Sale Based on Fraud and Lack of Authority", was filed on September 30, 2013, or over nine months following the Sheriff's conveyance of the Deed to the Plaintiff. On that basis, the Court could properly deny the Defendant's Petition after taking into consideration any evidentiary support for allegations of fraud by the Sheriff surrounding the sale itself and that the Plaintiff lacked the authority to sell this property, thus rendering review of all remaining such contentions arising from the entirety of the transactions and events that preceded the Sheriff Sale unnecessary. Continental Bank v. Frank, 343 Pa. Super 477, 495 A.2d 565 (1985)(opening confessed judgment inappropriate where mortgaged property has been sold at sheriff sale); Workingmen's Savings and Loan Association of Dellwood Corp. v. Kestner, 438 Pa. Super. 186,

8

652 A.2d 327 (1994)(only contentions of fraud in conduct of sheriff sale and not in prior proceedings may be used to attack sale).

The record adduces that there are no contentions, much less an iota of clear and convincing evidence, submitted by the Defendant supporting a claim of fraud of any kind committed by the Sheriff in the handling of the sale and conveyance of the Deed to the subject property to the Plaintiff. M & T Mortgage Corporation v. Keesler, *supra*. The Defendant's "lack of authority" contention questions the Plaintiff's power to convey this property on such grounds as Plaintiff's lack of capacity to enforce the Note due to outstanding questions regarding the individuals and the mechanics involved in the Plaintiff's preparation, verification and filing of the Complaint and, although not mentioned at the Hearing, recordation of the assignments of the mortgage. (N.T. 7-8, 10-11, 13-20, 25-26, 36-49, 51-52, 55-58)(Emphasis added).

The Defendant submitted argument following the Hearing by providing citations to case authorities such as Mortgage Electronic Registration Systems, Inc. v. Ralich, 982 A.2d 77, 80 (Pa. Super. 2009), and McGill v. Southwark Realty Company, 828 A.2d 430, 435 (Pa. Cmwlth. 2003) in support of the proposition that completion of a Sheriff Sale and transfer of a deed did not bar the litigation of his fraud claim as untimely. The Defendant averred that the Ralich court barred a claim of fraud under such circumstances not because it was untimely, but because it was not set forth with sufficient particularity as had been his many averments pleading the alleged fraudulent actions perpetrated by the Plaintiff. Mortgage Electronic Registration Systems, Inc. v. Ralich, *supra*, 982 A.2d at 80. (Memorandum to [the Court] Based on Issues Raised at the Hearing [on] Defendant's Petition to Set Aside Sale, pp. 2-3).

The Defendant cited the McGill opinion merely for its inclusion of the statement that ". . .[a]lthough the delivery of an acknowledged deed usually forecloses a party's ability to petition to set aside the sale, an exception exists for sales tainted by the existence of fraud", and

9

elaborated no further on that subject. <u>McGill v. Southwark Realty Company</u>, *supra*, 828 A.2d at 435 (*Id.*, p. 3). Thus, the Defendant again has failed to demonstrate the requisite presence of fraud in the Sheriff's conduct of the sale. He has also ignored the fact that he had waived any ability to challenge Plaintiff's standing, capacity and authority to foreclose upon and to sell his property in order to collect the arrearages due and owing on the Note because of his failure ever to raise it in Preliminary Objections or in an Answer and New Matter to the Complaint. <u>Erie Indemnity Co. v. Coal Operators Casualty Co.</u>, 441 Pa. 261, 265, 272 A.2d 465, 467 (1971); <u>In re Estate of Alexander</u>, 758 A.2d 182, 189 (Pa. Super. 2000).[4]

### Conclusion

The Defendant was required to present clear and convincing evidence in support of the material obligations of his plea to set aside this Sheriff sale. <u>M & T Mortgage Corporation v. Keesler</u>, *supra*. In the absence of such evidence, the Court properly concluded that the Defendant had not satisfied his burden of establishing entitlement to this relief. *Id.* Therefore, and for all of the foregoing reasons, the Defendant's Petition to Set Aside Sale Based on Fraud and Lack of Authority was properly denied pursuant to the sound discretion of this Court, and this ruling must not be disturbed on appeal.

BY THE COURT:

CHARLES B. BURR, II                     S.J.

---

[4] Both of these case authorities are cited for the foregoing reasons in a recent non-precedential opinion filed by the Pennsylvania Superior Court bearing the citation, <u>The CIT Group v. Cumberbatch</u>, 2012 WL 1852073 (Pa. Super. 2012), in which that court resolved nearly on-point claims made in very similar circumstances as those that were present in this case. Superior Court IOP 65.37 (A)(2014).

10