J-A09019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE BOROUGH OF BRENTWOOD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PLAVCHAK CONSTRUCTION CO., INC. | : | |
| | : | |
| | : | No. 872 WDA 2017 |
| PLAVCHAK CONSTRUCTION CO., INC. | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE BOROUGH OF BRENTWOOD AND THE GATEWAY ENGINEERS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: THE BOROUGH OF BRENTWOOD | : | |

Appeal from the Order Entered May 17, 2017
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 16-016171,
No. GD-16-021983

BEFORE:  BOWES, J., DUBOW, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 26, 2018**

The Borough of Brentwood ("Brentwood"), appeals from the trial court's

May 17, 2017 Order denying Borough's Petition to Confirm Arbitration Award.

After careful review, we affirm.

The facts and procedural history, as gleaned from the record, are as

follows.  On April 1, 2014, Brentwood entered into a construction contract

("Contract") with Plavchak Construction Co., Inc. ("Contractor") for the

construction of facilities associated with a football stadium, and based on a design provided by The Gateway Engineers, Inc. ("Engineer"). The Contract included deadlines for substantial and final completion, and achieving certain milestones, and set *per diem* monetary penalties for failure to meet those deadlines and milestones.[1] The deadline for completion of the project was September 15, 2014.

The Contract also included a step-by-step dispute resolution procedure, which included submission of claims to Engineer for a decision. Specifically, Article 10.05 of the Contract provided that following the submission of a claim and a response, Engineer must deny, approve, or decline to resolve the claim, **in writing**, within 30 days. Engineer's decision would become final and binding unless submitted to a mediator within 30 days. ***See*** Contract, 4/11/14, at Article 10.05.

With respect to giving notice, the Contract provides that, where written notice is required, a party will be deemed to have given it validly if the written notice is: (1) delivered in person to a member of the firm or to an officer of the corporation for whom the notice is intended; or (2) delivered at or sent by registered mail. ***See*** Contract at Article 17.01.

For reasons that are immaterial to our disposition, Contractor was unable to complete the project by the completion deadline. By December

---

[1] Contractor agreed to pay liquidated damages of $5,000/day for failing to meet the substantial completion and final completion deadlines and $750/day for missed milestones.

2014, Brentwood had stopped paying Contractor for the completed work. On December 15, 2014, Brentwood sent Contractor a letter by certified mail indicating that it was withholding payment, and asserting that Appellee was responsible for the project delays. In that letter, Brentwood notified Contractor of its claim for liquidated damages, but did not specify the amount of damages. Brentwood copied Engineer on this letter.

On January 14, 2015, Borough sent Contractor, by certified mail, a detailed calculation of the liquidated damages Borough alleged Contractor owed, totaling $1,281,750. This letter also contained a request for a settlement meeting. Borough copied Engineer on this letter.

On January 27, 2015, Contractor, through its Attorney Kevin J. Fiore, sent Brentwood a letter disputing the claim. Contractor copied Engineer on this letter. That same day, Brentwood sent a letter to Contractor by certified mail indicating that it planned to withhold an additional $305,111.50 payment from Contractor.

On February 6, 2015, Brentwood sent another certified letter to Contractor renewing its request that the parties schedule a settlement meeting. Brentwood copied Engineer on this letter.

On February 12, 2015, Engineer sent Brentwood a letter addressing Brentwood's request for liquidated damages from Contractor. In the letter, Engineer concluded that Contractor had not substantially completed the

project[2] and he included a punch-list of items that Contractor needed to complete. Engineer opined, "since work is still incomplete, we believe the Borough is entitled to their claim of liquidated damages." Engineer Letter, 2/12/15, at 1. Engineer did not determine the amount of liquidated damages due to Brentwood. Gateway sent the letter to Attorney Fiore and Brentwood's counsel, but not by certified mail. Engineer did not address or send the letter to Contractor.

On March 26, 2015, and April 23, 2015, the parties participated in an unsuccessful settlement meeting and a mediation session, respectively. At the April 23, 2015 mediation, Brentwood characterized Engineer's February 12, 2015 letter as an "arbitration award."

Following the unsuccessful mediation, on August 25, 2016, Contractor filed a Complaint seeking a declaratory judgment regarding the parties' rights relating to liquidated damages and Contractor's entitlement to payment for the work it had completed. Brentwood filed Preliminary Objections to Contractor's Complaint on November 10, 2016. Brentwood asserted that Contractor was responsible for liquidated damages related to a delay of more than one year in completion of the project and that Engineer had already determined Contractor's liability in its February 12, 2015 "arbitration award."

On November 14, 2016, Brentwood filed a Petition to Confirm Arbitration Award and enter Judgment. The next day, the trial court consolidated

---

[2] Contractor ultimately completed the project on July 15, 2016.

Contractor's and Brentwood's actions. The parties conducted limited discovery, consisting only of the deposition of Brian R. May, Engineer. The court held argument on the Petition at which it considered only Mr. May's deposition transcript and the parties' arguments. Following the hearing, the court entered an Order denying Brentwood's Petition.[3] Brentwood timely appealed. Both Brentwood and the trial court complied with Pa.R.A.P. 1925.

Brentwood raises the following two issues on appeal, which we have reordered for ease of disposition:

1. Whether the lower court erred as a matter of law in its conclusion that [Contractor] did not receive proper notice of the February 12, 2015 determination, when [Contractor's] counsel received actual, timely notice[?]

2. Whether the lower court erred as a matter of law in its conclusion that the February 12, 2015 determination issued by [Engineer] did not constitute an enforceable arbitration award although the determination was made pursuant to the dispute resolution process agreed upon by the parties in their April 11, 2014 Contract[?]

Brentwood's Brief at 5.

In its first issue, Brentwood claims that the trial court erred in finding that Contractor did not have proper notice of Engineer's purported February 12, 2015 determination. *Id.* at 28. Brentwood offers five alternative arguments in support of this claim.

First, it argues that notice to Contractor was proper because "in-person delivery, registered mail, or certified mail are not the **exclusive** means of

_____

[3] As far as this Court is aware, Contractor's Petition for Declaratory Judgment remains outstanding.

providing written notice under the contract." *Id.* (emphasis in original). Rather, it avers that the parties' Contract included a non-exhaustive list of methods of service, which, if used, would deem notice as having been validly given, but that the Contract did not **require** use of one of those enumerated methods. *Id.* (emphasis added).

Next, Brentwood argues that actual notice to Contractor's attorney satisfied the parties' intent that "the information is successfully conveyed to the party who should have notice of the information at issue." *Id.* at 30.

Brentwood also argues that notice to Attorney Fiore constituted notice to Contractor because the February 12, 2015 letter fell within the scope of Attorney Fiore's representation of Contractor. *Id.* at 33.

Brentwood also argues that the court erred in strictly enforcing the notice provision of the Contract because Contractor failed to demonstrate that Engineer's delivery of the February 12, 2015 letter to Attorney Fiore prejudiced Contractor. *Id.* at 34-35.

Last, Brentwood argues that the notice provision at Article 17.01 of the parties' contract is not applicable to Engineer's February 12, 2015 letter. It avers that Article 10.05, which governs Engineer's review of claims arising under the contract, does not impose any specific requirement regarding the manner in which Engineer provides notice to the parties. *Id.* at 36-37. Notwithstanding its characterization of the February 12, 2015 letter as an "arbitration award," Brentwood also claims that the notice provision in Article

17.01 does not apply in this case because Engineer is not a party to the Contract and is not bound by its terms. *Id.* at 38.

Brentwood's issue requires this Court to interpret the contract between the parties. "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." ***Ragnar Benson, Inc. v. Hempfield Township Municipal Authority***, 916 A.2d 1183, 1188 (Pa. Super. 2007) (citing ***Stamerro v. Stamerro***, 889 A.2d 1251, 1257 (Pa. Super. 2005)). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision." ***Id.***

Our Supreme Court has set forth the principles governing contract interpretation as follows:

> The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties. In cases of a written contract, the intent of the parties is the writing itself.[ ] When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact.

***Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.***, 905 A.2d 462, 468-69 (Pa. 2006) (citations omitted).

We address Brentwood's first and second arguments together. First, we conclude that the language of the parties' Contract regarding written notice is clear and unambiguous. The Contract plainly specifies that written notice will be deemed to have been validly given if it is "delivered in person to the individual or to a member of the firm or an officer of the corporation for whom it is intended" or "delivered at or sent by registered certified mail, postage prepaid, to the last business address known to the giver of the notice." Contract at Article 17.01(A). Thus, by the Contract's plain language, notice provided in any other manner will not be deemed to have been given validly.

Insofar as Brentwood argues that the intent of the parties is merely that "the information is successfully conveyed to the party who should have notice of the information at issue[,]" we disagree. Rather, our review of the plain language indicates that the parties intended something more specific—that written notice be delivered or sent by registered or certified mail to the last business address known to either a member or officer of the Corporation. Thus, the language specifies not only to whom notice must be given, but also where and the manner in which it must be provided. If the parties had wished only to ensure successful conveyance of information, there would have been no need to include the foregoing language in the Contract.

Here, the record reflects that Engineer addressed its February 12, 2015 letter to George Zboyovsky, Borough of Brentwood Manager. It copied Contractor's counsel Attorney Kevin J. Fiore at the firm Picadio Sneath Miller & Norton, P.C., by regular mail, in addition to the Borough of Brentwood's

- 8 -

engineer and solicitor. It is undisputed that Engineer did not send or deliver this letter to a member or officer of Contractor in the contractually prescribed way at Contractor's last known business address. Article 17.01(a) did not permit the provision of notice to a party by service by regular mail to the party's attorney—especially notice of a letter not even addressed to the party. We conclude, therefore, that Brentwood's failure to comply with the notice procedure articulated in Article 17.01(A) of the parties' contract is fatal to its request for relief.

Next, Brentwood argues that notice to Attorney Fiore constituted notice to Contractor because the February 12, 2015 letter fell within the scope of Attorney Fiore's representation of Contractor. Brentwood's Brief at 33. Brentwood cites a number of cases in support of this argument. *See id.* at 34-34, citing *Garcia v. Cmty. Legal Srvs. Corp.*, 524 A.2d 980, 985 (Pa. Super. 1987); *Yeager v. United Natural Gas Co.*, 176 A.2d 455 (Pa. Super. 1961); *M & T Mortgage Corp. v. Keesler*, 826 A.2d 877 (Pa. Super. 2003). We, however, find those cases distinguishable on one primary ground—their procedural posture. In those cases, the courts imputed notice on the parties where, in the context of litigation, their attorneys had received notice pursuant to the Pennsylvania Rules of Civil Procedure. Those cases involved ongoing court proceedings where counsel had entered their appearances and where they had been identified as counsel of record.

In the instant case, where the disputed notice took place pre-litigation, we find that the terms of the Contract, and not the Rules of Civil Procedure,

control in determining whether Engineer validly gave notice of its February 12, 2015 letter and "determination." Here, Attorney Fiore had sent only one prior letter on Contractor's behalf. This did not render Attorney Fiore a member or officer of Contractor. Nor did that letter constitute an appearance on Contractor's behalf.

Fourth, Brentwood argues that the court erred in strictly enforcing the notice provision because Contractor failed to demonstrate that Engineer's delivery of the February 12, 2015 letter to Attorney Fiore prejudiced Contractor. Brentwood's Brief at 34-36. Our review of the record indicates that Brentwood has raised this argument for the first time on appeal. Thus, it has not been preserved. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Last, Brentwood argues that the court erred in finding the notice provision at Article 17.01 of the parties' contract is applicable to Engineer's February 12, 2015 letter because Article 10.05, which governs Engineer's review of claims arising under the contract, does not impose any specific requirement regarding the manner in which Engineer provides notice to the parties. Brentwood's Brief at 36-37. Brentwood also claims the notice provision in Article 17.01 does not apply in this case because Engineer is not a party to the Contract and is not bound by its terms. *Id.* at 38. We disagree, finding the Engineer bound by the terms of the parties' Contract and that, when read together, Articles 10.05 and 17.01 required the Engineer to provide notice to Contractor in the manner set forth *supra*.

- 10 -

First, pursuant to Article 9.01, the parties have designated Engineer as Brentwood's "representative." As such, the Contract required Engineer to "assume the duties and responsibilities . . . under the Contract Documents[.]" Contract at Article 9.01. Thus, the Contract bound Engineer to follow its notice provisions.

Next, we note that Article 17.01, by its terms, applies to the giving of written notice. *See* Contract at Article 17.01(A) ("Whenever any provision of the Contract Documents requires the giving of **written notice**, it will be deemed validly given if…"). Article 10.05(C) requires the Engineer to review claims made by a party and then to, **in writing**, deny the claims, approve the claims, or notify the parties if the Engineer is unable to resolve the claims. Thus, because Article 10.05(C) requires Engineer to give notice of its decision in writing, the Contract mandated that that notice be given in the manner set forth in Article 17.01.

For the foregoing reasons, we conclude that the trial court did not err in finding that Contractor did not receive valid notice of the "decision" issued by Engineer. Because this issue is dispositive, we need not address the merits of Brentwood's remaining issues.

Order affirmed.

Judge Murray joins the Memorandum.

Judge Bowes concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2018