J-A14008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET CORPORATION MORTGAGE PASS CERTIFICATES, SERIES 2006 BCA C/O WELLS FARGO BANK, N.A. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| SABRINA THIGPEN AND JULIUS THIGPEN | : : : | |
| Appellants | : | No. 2074 EDA 2017 |

Appeal from the Order Dated June 9, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2013 No. 03024

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 03, 2018**

Appellants, Sabrina Thigpen and Julius Thigpen, appeal from the order entered in the Philadelphia County Court of Common Pleas, which denied their petition to set aside a sheriff's sale of their foreclosed property.  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 13, 2006, Appellants executed a residential mortgage on an investment property ("Property") in favor of Mortgage Electronic Registration Systems, Inc., ("MERS") as Nominee for BNC Mortgage, Inc., in the principal amount of $225,250.00.  MERS assigned the mortgage to Appellee, U.S. Bank, on September 21, 2011.  On August 1, 2012, Appellants failed to make the monthly payment and all subsequent payments.  In response, Appellee filed

_____

*   Retired Senior Judge assigned to the Superior Court.

a mortgage foreclosure complaint against Appellants on October 29, 2013.

Appellants failed to file an answer, and on January 7, 2014, the prothonotary entered a default judgment in favor of Appellee in the amount of $249,857.15. On November 23, 2016, Appellee filed a *praecipe* for writ of execution, setting a sheriff sale of the Property for February 7, 2017. On February 7, 2017, Appellee continued the sheriff's sale until March 7, 2017. On March 6, 2017, Appellants filed an emergency motion to stay the sheriff's sale, and proceeded to a hearing that same day. Appellants stated they were seeking a loan modification. The court, on March 7, 2017, postponed the sheriff's sale until April 4, 2017.

On April 3, 2017, at 4:45 p.m., Appellants electronically filed a second emergency motion to stay the sheriff's sale, which again stated they were seeking a loan modification. The prothonotary on April 4, 2017, rejected Appellant's motion as untimely filed. That same day, the Property sold at sheriff's sale to Appellee. Appellants filed a motion to set aside the sheriff's sale on April 10, 2017.

On June 9, 2017, the court held a hearing on Appellants' motion to set aside the sheriff's sale. The court denied Appellants' motion that same day. On June 22, 2017, Appellants timely filed a notice of appeal. The court ordered Appellant, on June 26, 2017, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on July 14, 2017.

Appellants raise the following issue for our review:

> DID THE [TRIAL] COURT ERR IN REFUSING [APPELLANTS]'
> PETITION TO SET ASIDE THE SHERIFF SALE ON APRIL 4,
> 2017 WHEREIN THE PROPERTY SITUATE 5137 SPRUCE
> STREET, PHILADELPHIA, PA 19139 VIA EXECUTION ON
> WRIT NUMBER 1702-581 WAS SOLD AFTER AN
> ADMINISTRATIVE BREAKDOWN DENIED THEM AN
> OPPORTUNITY TO BE HEARD ON THEIR EMERGENCY
> MOTION TO STAY?

(Appellants' Brief at 4).

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." *GMAC Mortg. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa.Super. 2007) (quoting *Kaib v. Smith*, 684 A.2d 630, 632 (Pa.Super. 1996)).

> A petition to set aside a sheriff's sale is grounded in
> equitable principles and is addressed to the sound discretion
> of the hearing court. The burden of proving circumstances
> warranting the exercise of the court's equitable powers rests
> on the petitioner…. When reviewing a trial court's ruling on
> a petition to set aside a sheriff's sale, we recognize that the
> court's ruling is a discretionary one, and it will not be
> reversed on appeal unless there is a clear abuse of that
> discretion.

*Buchanan, supra* at 1167 (internal citations omitted). *See also Mortgage Electronic Registration Systems, Inc. v. Ralich*, 982 A.2d 77, 80 (Pa.Super. 2009), *appeal denied*, 606 Pa. 650, 992 A.2d 889 (2010) (stating sheriff's sale may be set aside after delivery of sheriff's deed, if sale was product of fraud or lack of authority to make sale); *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 166 (Pa.Super. 2002), *appeal denied*, 573 Pa. 662,

- 3 -

820 A.2d 702 (2003) (noting that gross inadequacy in sale price is sufficient grounds to set aside sheriff's sale); *First Eastern Bank, N.A. v. Campstead, Inc.*, 637 A.2d 1364, 1365-66 (Pa.Super. 1994) (stating lack of adequate notice constitutes clear and convincing evidence to set aside sheriff's sale).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude Appellants' issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 13, 2017, at 2-6) (finding: breakdown in court operations occurred when Office of Judicial Records' Civil Filing Motion Court did not assign Appellants' emergency motion to stay sheriff's sale to judge, but instead rejected motion as untimely on morning of sale; notwithstanding any breakdown in operations of court, Appellants failed to carry their burden to set aside sheriff's sale with clear and convincing evidence; Appellants asserted same basis in April 3, 2017 emergency motion to stay sheriff's sale as they raised in March 6, 2017 emergency motion; in both motions, Appellants sought to stay sale to pursue loan modification; although court had granted March 6, 2017 emergency motion, court's decision had no precedential effect, particularly because Appellee opposed second stay of sale; additionally, Appellee had no obligation to consider loan modification request from Appellants less than thirty days before sheriff's sale; court denied Appellants' petition to set aside sheriff's sale based on court's

independent review of Appellants' April 3, 2017 emergency motion to stay, default judgment entered against Appellants, two Chapter 13 bankruptcies filed by Appellants, bankruptcy court lifted stay as to mortgaged property, and Appellee's unwillingness to agree to loan modification or another stay of sheriff's sale; neither Appellants' counsel nor Appellants physically appeared in motions court on April 3, 2017, to argue their emergency motion to stay; court had discretion to extend time for Appellee's response to Appellants' petition to set aside sheriff's sale; Appellee's response at oral argument did not require verification because it did not introduce new facts; record demonstrates no witnesses testified at June 9, 2017 hearing; rather, at June 9, 2017 hearing, parties' counsel both argued based on their personal knowledge of case; Appellants did not provide clear and convincing evidence to support their petition to set aside sheriff's sale; court properly denied Appellants' petition to set aside sheriff's sale).  The record supports the court's reasoning.  Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/18

- 5 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS CERTIFICATES, SERIES 2006 BC4 C/O WELLS FARGO BANK, N.A., Plaintiff/Appellee, <br><br> v. <br><br> SABRINA THIGPEN & JULIUS THIGPEN, Defendants/Appellants. | 2074 EDA 2017 <br><br> Trial Court Case No. 131003024 |
| --- | --- |

## OPINION

Defendants Sabrina Thigpen and Julius Thigpen appeal the trial court's order denying a motion to set aside a sheriff sale in a mortgage foreclosure action. For the reasons herein, the Superior Court should affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2017 at 4:45pm, Defendants filed an emergency motion to stay all proceedings including a sheriff sale of Defendants' investment property located at 5137 Spruce Street, Philadelphia, PA. The sheriff's sale was scheduled for 9:00am on April 4, 2017. The basis of the request to postpone was to explore a loan modification. Sabrina Thigpen and Julius Thigpen's Memorandu[m] of Law in Support of their Emergency Motion To Stay All Proceedings and Sheriff Sale, dated April 3, 2017, at 2.

Contrary to Philadelphia Civil Rule 206.1(a)(2), the Office of Judicial Records ("OJR") did not assign the emergency motion to a judge, but rather rejected it at 9:14am on April 4, 2017. OJR rejected the motion as follows: "You filed this too late. The motion hearings were yesterday. The April 4th sale has already started." On April 4, 2017, Defendant's property was sold at sheriff's

U.S. Bank National Association Vs Thigpen -OPFLD



1310030240056

sale. *See* Sabrina Thigpen and Julius Thigpen's Petition to Set Aside the Sheriff Sale

("Defendant's Petition"), at ¶¶ 40-57.

On April 10, 2017, Defendants filed a motion to set aside the sheriff sale, which the trial

court denied on June 9, 2017. On June 22, 2017, Defendant filed a timely notice of appeal.

DISCUSSION

On appeal, Defendant argues that the trial court abused its discretion when it denied the

motion to set aside because, *inter alia*, (1) there was a breakdown in court operations when OJR

rejected Defendants' emergency motion to stay and did not assign the motion to a judge, and (2)

Defendants' motion to set aside was meritorious due to an outstanding request for a loan

modification.[1] Defendants' Statement of Matters Complained of on Appeal Pursuant to Pa. R. C.

P. 1925(b) at ¶1-3, 7-9.

1. The Trial Court Properly Denied Defendants' Petition To Set Aside The Sheriff Sale

Pa.R.C.P. No. 3132 allows for petitions to set aside sheriff sales:

> Upon petition of any party in interest before delivery of the personal
> property or of the sheriff's deed to real property, the court may, upon
> proper cause shown, set aside the sale and order a resale or enter any
> other order which may be just and proper under the circumstances.

In determining whether to set aside a sheriff's sale, "[e]quitable considerations govern the trial

court's decision." *Bank of Am., N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. Ct. 2012)

(internal citation omitted). The burden of proof is on the petitioner:

---

[1] Defendants also argue that the trial court committed error by (1) extending the time for Plaintiff to respond to Defendants' motion to set aside, (2) allowing Plaintiff's counsel to present oral argument based upon an unverified response to Defendants' motion to set aside, and (3) allowing Plaintiff to present testimony at oral argument. Defendants' Statement of Matters Complained of on Appeal Pursuant to Pa. R. C. P. 1925(b) at ¶¶4-6. These claims are without merit because (1) it was within the trial court's discretion to extend the time for Plaintiff's response, (2) Plaintiff's response did not require a verification because it introduced no new factual averments, and (3) no witnesses testified at the June 9, 2017 hearing, but rather Defendants' and Plaintiff's counsel both made argument and/or testified based upon their personal knowledge, *e.g.*, Plaintiff's counsel testified that he contacted his client after each request to postpone to determine whether his client would agree to a postponement, and Defendants' counsel testified about conversations with attorney Markowitz and bankruptcy counsel. N.T. June 9, 2017 at 9, 16.

-2-

> As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

*Id.* (internal citation omitted). A trial court's decision on a petition to set aside will "not [be] reverse[d] . . . absent an abuse of discretion. *Id.* Finally, the burden is on the petitioner to show by clear and convincing evidence that a sheriff sale should be set aside. *M & T Mort. Corp. v. Keesler*, 826 A.2d 877, 879 (Pa. Super. Ct. 2003).

As an initial matter, Defendants do not assert typical grounds for a petition to set aside such as that they did not receive proper notice of the sheriff's sale or that the sale price was grossly inadequate. *See generally Estate of Hood*, 47 A.3d at 1211 (Pa. Super. Ct. 2012). Rather, Defendants argue that the trial court should have set aside the sheriff's sale based upon its equitable powers and the facts surrounding OJR's rejection of Defendants' emergency motion to stay the sheriff's sale. As discussed more fully below, notwithstanding the breakdown in court operations regarding Defendants' motion to postpone, Defendants failed to carry their burden to set aside the sheriff's sale with clear and convincing evidence.

2.      OJR Improperly Rejected Defendants' Emergency Motion To Stay

The trial court agreed with Defendants that there was a breakdown of court operations when OJR did not assign Defendants' emergency motion to stay the sheriff sale to a judge but instead rejected it on the morning of the sale.

Philadelphia Civil Rule 208.3(a)(1) governs emergency motions as follows:

> *Emergency Motions.* "Emergency Motions" shall be initially considered without written Response or Briefs. Upon filing, the Motion Clerk shall assign the Emergency Motion to the appropriate judge who, upon review of the motion, will issue an order providing any applicable relief, and shall further set forth how the motion will be answered, heard and disposed;

OJR's failure to assign the emergency motion to a judge upon filing was in error, not in compliance with the local rule, and a breakdown of court operations. OJR's failure also precluded a judge from reviewing the motion and determining how the motion would be answered, heard, and disposed. The breakdown of court operations warranted the trial court's review of whether the rejected emergency motion to postpone was meritorious. *See generally Freeman v. Bonner*, 761 A.2d 1193, 1195-96 (Pa. Super. Ct. 2000) (In civil cases, *nunc pro tunc* relief is granted where (1) there was fraud; (2) a breakdown in the court's operations; or (3) non-negligent happenstance); *Rothstein v. Polysciences, Inc.*, 853 A.2d 1072, 1075 (Pa. Super. Ct. 2004) (noting "cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties").

3. Defendants Failed To Show By Clear and Convincing Evidence That The Sheriff's Sale Should Be Set Aside

Notwithstanding the breakdown of court operations, Defendants failed to show by clear and convincing evidence that the sheriff's sale should be set aside.

First, although Defendants criticize Plaintiff's counsel for not sending anyone to Motions Court on April 3, 2017 despite being advised by Defendants' counsel that an emergency motion to stay was being filed,[2] there is no evidence that Defendants' counsel or Defendants themselves appeared in Motions Court either on April 3, 2017 or the morning of April 4, 2017, which was the day of the sheriff's sale. Had Defendants' counsel or Defendants themselves appeared in Motions Court on April 3, 2017 or the morning of April 4, 2017, instead of simply electronically filing their emergency motion, they would have known that OJR did not assign their motion to a judge. Indeed, Defendants' proposed rule to show cause that they included in the rejected motion

---

[2] "It is most interesting that plaintiff's counsel, despite being advised an Emergency Motion was being filed, sent no one to Motion Court that day." Sabrina Thigpen and Julius Thigpen's Reply Memorandum of Law in Support of their Petition to Set Aside Sheriff Sale, at 6.

-4-

to stay stated, in relevant part, "that movants, Sabrina Thigpen and Julius Thigpen shall cause a copy of this Rule, along with a copy of the aforesaid Motion and accompanying papers, to be served upon the Plaintiff at least 2 hours before the day of the hearing, which is the date of filing."

By waiting to file until 4:45pm on April 3, 2017, the day before the sale, Defendants created their own emergency and could not have complied with the service requirements of their own proposed Rule to Show Cause. More importantly, the factual basis for Defendants' motion to stay, *i.e.*, additional time to explore a loan modification, was known to Defendants' counsel and Defendants at least several days in advance of April 3, 2017. Instead of filing a motion to stay as soon as they were aware of the factual basis, they waited until 15 minutes before OJR closed on the day before the sheriff's sale to file their motion. Such actions do not form a clear and convincing basis for the trial court to exercise its equitable powers and set aside a sheriff sale.

Second, although Defendants had previously filed on March 6, 2017 an emergency motion to stay a sheriff sale scheduled for March 7, 2017, the basis of that motion was the same basis as the April 3, 2017 motion. Both motions sought to stay the sheriff sale in order to explore a loan modification. *Compare* Sabrina Thigpen and Julius Thigpen's Memorandum of Law in Support of their Emergency Motion To Stay All Proceedings and Sheriff Sale, dated March 6, 2017, at 2 ("additional time is needed to workout a loan modification with said lender") *with* Sabrina Thigpen and Julius Thigpen's Memorandu[m] of Law in Support of their Emergency Motion To Stay All Proceedings and Sheriff Sale, dated April 3, 2017, at 2 ("additional time is needed to work-out a loan modification with said lender"). Although a prior judge had a granted the March 6, 2017 motion to stay, there is no precedential effect of that decision particularly

where Plaintiff's counsel represented that his client was opposed to the stay of the April 4, 2017 sale.

Additionally, as argued by Plaintiff in its opposition to Defendants' petition to set aside, there was no obligation by Plaintiff to consider a loan modification that was submitted less than 30 days prior to a sheriff sale. The trial court agreed with Plaintiff's argument and, in denying Defendants' petition, relied upon the case law cited by Plaintiff – and not disputed by Defendants' in their reply brief – that Pennsylvania courts have not abused their discretion in refusing to set aside a sheriff sale on the basis that a loan modification was sought by the borrower. *See* Memorandum of Law of Foreclosure Plaintiff In Opposition to the Petition of Sabrina and Julius Thigpen to Set Aside Sheriff Sale, at 4.

In sum, the trial court denied Defendants' petition to set aside based upon (1) the trial court's independent review of Defendants' emergency motion to stay, filed on April 3, 2017, as well as considering (2) the default judgment entered in this matter on January 7, 2014, (3) the two Chapter 13 bankruptcies filed by Defendants, (4) the lifting of the stay by the Bankruptcy court as to this particular investment property, (5) Plaintiff's unwillingness to agree to a loan modification or another stay of the sheriff sale, and (6) the fact that neither Defendants' counsel nor Defendant actually physically appeared in Motions Court on April 3, 2017 to prosecute their motion to stay. The trial court determined that Defendants failed to offer clear and convincing evidence in support of their petition to set aside, and the trial court did not abuse its discretion in failing to exercise its equitable powers when it denied Defendants' petition to set aside.

## CONCLUSION

Based on the foregoing, the Superior Court should affirm the trial court's order denying

Defendant's motion to set aside the sheriff sale.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: September 13, 2017